```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
LISSANDER DONES,

                    Plaintiff,

     -against-                                    COMPLAINT WITH
                                                  JURY DEMAND
THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, in his official capacity,          07 CV 3085
SERGEANT FRANK TERAN, in his official
and individual capacity, CAPTAIN THOMAS           Index No.:
SCOLLAN, in his official and individual
capacity, LIEUTENANT RON MEJIA, in his
official and individual capacity, and
SERGEANT JULIUS MORTON, in his official
and individual capacity,

                    Defendants.
------------------------------------------x
```



JUDGE SCHEINDLIN

RECEIVED APR 17 2007 U.S.D.C. S.D.N.Y. CASHIERS

The Plaintiff, LISSANDER DONES ("DONES"), by and through his attorneys, the law firm of CRONIN & BYCZEK, LLP, as and for his Complaint against defendants, respectfully sets forth the following:

### NATURE OF ACTION

1. This is an action for declaratory relief and also seeks money damages for violations of the Civil Rights Acts 42. U.S.C. §1983 and §1985.

### JURISDICTION

2. The jurisdiction of this Court is invoked based upon Federal questions. Further, the jurisdiction of this Court is invoked pursuant to the Constitution of the United

States, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C.§ 1331 as well as 42 U.S.C. § 2000 e through 2000 e(15).

3. The rights, privileges and immunities sought herein to be redressed are those secured by the Fifth Amendment and the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution; 42 U.S.C. § 1983 and § 1985, and guidelines and rules promulgated thereunder.

### VENUE

4. Venue is invoked pursuant to 28 U.S.C. § 1391 as plaintiff resides in Bronx County within the State of New York, and that the unlawful practices alleged below were committed in Bronx County within the State of New York. Accordingly, venue lies in the United States District Court for the Southern District of New York.

### PARTIES

5. That plaintiff, LISSANDER DONES, at all times relevant, was an employee of the City of New York Police Department. Plaintiff was employed as a Detective, Shield #2648 of the New York City Police Department. Plaintiff is a resident of 1859 Loving Place South, Bronx, New York 10453, and is a citizen of the United States.

6. Defendant CITY OF NEW YORK (hereinafter referred to as "NYC") is a municipal corporation duly organized under the laws of the City and State of New York, having its place

of business within the City of New York, and including as its function operating, managing and financing the New York City Police Department.

7. Upon information and belief, the NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "NYPD") operates under the direct authority of the NYC and is the official NYC agency charged with law enforcement and investigative duties throughout NYC, and maintains control offices at 1 Police Plaza, New York, New York, along with satellite offices and precincts throughout the City and Borough of Bronx, within the Southern District of New York.

8. Defendant, RAYMOND KELLY, (hereinafter referred to as "KELLY") at all times relevant to this Complaint was the Commissioner of the NYPD, the Chief Executive of the NYPD, and plaintiff's superior officer. As the Commissioner, he was also the principal administrator of NYPD. Defendant KELLY, in his capacity as Commissioner of the NYPD, was responsible for the overall policies of the NYPD, including the institution and application of departmental rules. Defendant KELLY was responsible for the conduct of all police personnel operating under his command, including but not limited to, all of the individual NYPD defendants, and is responsible for assuring that all officers comport themselves consistently with the Constitution of the United States and all State, Federal and

local laws.

9. Defendant, CAPTAIN THOMAS SCOLLAN (hereinafter referred to as "SCOLLAN"), at all times relevant to this Complaint was a New York City Police Officer and Captain. At all times relevant, Captain SCOLLAN was the plaintiff's superior officer and is sued in his individual and official capacities.

10. Upon information and belief, defendant SERGEANT FRANK TERAN (hereinafter referred to as "TERAN"), at all times relevant to this Complaint was a New York City Police Officer and Sergeant. Defendant TERAN, at all times relevant acted under color of law, within the scope of his official duties as Sergeant, and is sued in his individual and official capacities.

11. Upon information and belief, defendant SERGEANT JULIUS MORTON (hereinafter referred to as "MORTON"), at all times relevant to this Complaint was a New York City Police Officer and Sergeant. Defendant MORTON, at all times relevant acted under color of law, within the scope of his official duties as Sergeant, and is sued in his individual and official capacities.

12. Upon information and belief, defendant LIEUTENANT RON MEJIA (hereinafter referred to as "MEJIA"), at all times relevant to this Complaint was a New York City Police

4

Officer and Lieutenant. Defendant MEJIA, at all times relevant acted under color of law, within the scope of his official duties as Lieutenant, and is sued in his individual and official capacities.

## FACTUAL BACKGROUND

13. At all times hereinafter mentioned, plaintiff was employed as a police officer with the New York City Police Department and held the rank of Detective.

14. On or about July 8, 2004 at approximately 7:00am, prior to reporting to work for duty, plaintiff DONES was confronted in front of his residence by FBI Special Agent Kenneth F. Hosey. Defendants, SERGEANT TERAN, CAPTAIN THOMAS SCOLLAN, SERGEANT JULIUS MORTON and LIEUTENANT RON MEJIA, were all present.

14. Special Agent Hosey began questioning plaintiff with regard to fellow NYPD Detective Julio Vasquez and a person known as Thomas Rachko, in the presence of defendants TERAN, SCOLLAN, MORTON, and MEJIA. Upon information and belief, Detective Vasquez was arrested and charged with robbery of Thomas Rachko, a known drug courier. Defendant TERAN also began to question plaintiff.

15. Plaintiff complied with both Special Agent Hosey's and Sgt. Teran's questions by answering them all completely, until the line of questioning took the form of an official

5

investigation. Upon information and belief, plaintiff was the target of an official investigation at the time of the questioning by defendants. Plaintiff was subsequently served with Disciplinary Charges and Specifications.

16. Plaintiff advised Special Agent Hosey and defendant, SERGEANT TERAN, that he wished to be represented by a DEA (Detective Endowments Association) Delegate from the 48th Precinct before answering any further questions. Defendants denied plaintiff's right to union representation and defendant, Captain SCOLLAN, ordered plaintiff to get into Lieutenant MEJIA's car.

17. Defendant, Lieutenant MEJIA, drove plaintiff, Special Agent Hosey and the defendants to Yankee Stadium, where the unlawful interrogation and confinement by defendants continued.

18. Defendant TERAN asked plaintiff to place a telephone call to another fellow NYPD officer, Detective Luis Nieves-Diaz. Detective Diaz is a friend of plaintiff's. Defendants refused to tell plaintiff what the purpose of the phone call was, and plaintiff thereafter declined to make the call.

19. Sgt. TERAN and Special Agent Hosey thereafter participated in a cell phone conversation with an unknown party while plaintiff was confined in Lieutenant MEJIA's vehicle. Lieutenant MEJIA then informed plaintiff that they

were going to another precinct in the immediate vicinity known as "Group 1".

20. Prior to leaving for Group 1, at approximately 8:10am, plaintiff called his partner to tell him that he should leave for work without him. At 8:14am, plaintiff called his immediate supervisor, Sergeant Garland and advised him that he would not be coming in to work due to a home emergency.

21. Plaintiff was brought to Group 1 by defendants and detained in the lunchroom by a Sergeant and another officer by defendants' order. Plaintiff was again denied union and legal representation.

22. After being detained for approximately five (5) hours, Captain SCOLLAN called the Sergeant who was detaining the plaintiff via his cell phone instead of Group 1's phone lines, and asked to speak to plaintiff. Captain SCOLLAN again asked plaintiff whether he was willing to place a call to a Detective Louis Nieves-Diaz. This time, plaintiff was advised that the purpose of the call was to record the conversation and obtain information regarding an alleged incident involving Detective Julio Vasquez and a known criminal.

23. Plaintiff declined to place the call and requested to leave Group 1. Captain SCOLLAN refused to permit Plaintiff to leave and stated that Plaintiff was on the clock and would

be paid for the day. Plaintiff reminded Captain SCOLLAN that he was not "on the clock" as he had already called his supervisor and asked for a day off because of a home emergency.

24. Captain SCOLLAN thereafter told plaintiff that he was going to be placed on Modified Duty for a "domestic incident", despite the fact that no such "domestic incident" occurred. Plaintiff was immediately "modified" on fabricated charges in violation of his due process rights and provisions of the NYPD Patrol Guide. Upon information and belief, defendants' acts in placing plaintiff on modified duty for false charges were done to intimidate and harass plaintiff for refusing to place the tape recorded telephone call to a fellow officer.

25. At approximately 5:00 p.m., after being detained all day without any representation, plaintiff was driven to another precinct known as "Group 51" wherein plaintiff was again detained, told to turn in his firearm, required to be escorted by other police officers within the confines of the precinct, and prevented from leaving.

26. At approximately 7:00 p.m., plaintiff was permitted to go home, and escorted to his residence by two NYPD sergeants.

27. Throughout plaintiff's twelve-hour interrogation and

detainment, defendants refused to provide plaintiff with union or legal representation, in violation of plaintiff's constitutional rights. At no time was plaintiff ever advised by defendants that he was the target of an official investigation, or that he was going to be charged with NYPD disciplinary charges and specifications.

28. Plaintiff has suffered economic and emotional damages as a result of defendants' unlawful actions. Plaintiff was humiliated professionally and personally by defendants' false allegations of domestic violence. Prior to these fabricated allegations by defendants, plaintiff has never been accused by any individual of domestic violence or any similar charge.

29. Additionally, as a result of being placed on Modified Duty by defendants for false reasons, plaintiff was unable work overtime as he had prior to being placed on Modified Duty.

### AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1983

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph "1" through "29" with the same force and effect as if fully set forth herein.

31. Defendants actions as alleged herein were

9

committed under color of State Law and custom and practice of the NYPD.

32. The action of the defendants acting under color of law, in depriving plaintiff of his constitutional and civil rights were willful and malicious acts.

33. Plaintiff was denied access to an attorney and Union Representation throughout the interrogation and detainment by the Defendants on July 8, 2004. Plaintiff was unlawfully detained and interrogated for 12 hours.

34. As a result of said interrogation and detainment, Plaintiff was subsequently placed on modified duty in violation of due process and the Patrol Guide. The reason for which Plaintiff was modified was false and fabricated by the Defendants to harass and injure Plaintiff.

35. As a direct and proximate consequence of defendants' unlawful, discriminatory and harassing conduct, plaintiff has suffered loss of benefits and privileges of his employment with NYPD, damaged professionally and economically, suffered humiliation as well as emotional pain and suffering.

36. As a consequence of defendants' unlawful action and conduct, plaintiff is entitled to damages in the amount of not less than ONE MILLION ($1,000,000.00) DOLLARS, and Punitive damages in the amount of not less than ONE

MILLION ($1,000,000.00) DOLLARS, and attorneys and expert fees in an amount to be ascertained at the conclusion of this litigation.

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1985

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph "1" through "36" with the same force and effect as if fully set forth herein.

38. All of the acts and conduct of the defendants herein stated were done under color of law and custom and practice of the NYPD.

39. Defendants have conspired with and amongst each other to deprive Plaintiff of his rights under the United States Constitution and federal and state law.

40. Defendants have conspired to violate the Plaintiff's civil rights pursuant to 42 U.S.C. §1985 when Plaintiff was modified on a false and fabricated claim of domestic violence for which the defendants conspired between each other to harass and injure the plaintiff.

41. The defendants acted in furtherance of the objective of the conspiracy to harass and injure plaintiff for not cooperating with them against NYPD Detective Julio

11

Vasquez.

42. Upon information and belief, the defendants' conspiracy to harass, injure, and modify the plaintiff was motivated by plaintiff's unwillingness to participate in the investigation against NYPD Detective Luis Nieves-Diaz.

43. The actions of the defendants were a concerted effort and by their participation in the harassing conduct, as stated herein, were willful and malicious acts.

44. As a consequence of defendants' unlawful action and conduct, plaintiff is entitled to damages in the amount of not less than ONE MILLION ($1,000,000.00) DOLLARS, and Punitive damages in the amount of not less than ONE MILLION ($1,000,000.00) DOLLARS, and attorneys and expert fees in an amount to be ascertained at the conclusion of this litigation.

## JURY TRIAL

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this honorable Court grant the following relief:

1. Declare that the aforementioned actions of defendants were unconstitutional and in violation of the United States Constitution, the New York State Constitution, along with all

applicable statutes;

2. As and for plaintiff's First Claim, grant plaintiff the sum of $1,000,000.00, along with punitive and exemplary damages in the amount of $1,000,000.00;

3. As and for plaintiff's Second Claim, grant plaintiff the sum of $1,000,000.00 along with punitive and exemplary damages in the amount of $1,000,000.00;

4. Grant plaintiff all costs for this action, including reasonable attorney's fees; and

5. Grant plaintiff such other and further relief as this Court may seem just and proper.

Dated:   Lake Success, New York
         April 10, 2007

                      Yours, etc.

                      CRONIN & BYCZEK, LLP

                      By: _____
                      GEORGE C. FONTANA, JR. (GF1802)
                      Attorneys for Plaintiff
                      1981 Marcus Avenue, Suite 227
                      Lake Success, New York 11042-1016
                      (516) 358-1700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISSANDER DONES,

                                                                                                             Plaintiff,

- against -

THE CITY OF NEW YORK POLICE COMMISSIONER RAYMOND KELLY, in his Official Capacity, SERGEANT FRANK TERAN, in his Official and Individual Capacity, CAPTAIN THOMAS SCOLLAN, in his Official and Individual Capacity, LIEUTENANT RON MEJIA, in his Official and Individual capacity and SERGEANT JULIUS MORTON, in his Official and Individual Capacity,

                                                      Defendants.

## SUMMONS AND COMPLAINT

Cronin & Byczek, LLP
1983 Marcus Avenue
Suite C-120
Lake Success, New York 11042

(516) 358-1700

**To:**

*Attorney(s) for*

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*

                              ................................................................

                                  *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ **NOTICE OF ENTRY**   that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on                20

☐ **NOTICE OF SETTLEMENT**   that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at on         20 , at       M.

*Dated:*

                                                Cronin & Byczek, LLP
                                              1983 Marcus Avenue
                                              Suite C-120
                                              Lake Success, New York 11042

*Check Applicable Box*

*To:*

*Attorney(s) for*

N 912 CL