UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- ..x

LISSANDER DONES,

                                Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, IN HIS OFFICIAL CAPACITY,
SERGEANT FRANK TERAN, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY, CAPTAIN THOMAS
SCOLLAN IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY, LIEUTENANT RON MEJIA IN HIS
OFFICIAL AND INDIVIDUAL CAPACITY AND
SERGEANT JULIUS MORTON, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY


                                Defendants.

---------------------------------------------------------------------- x

**DEFENDANTS' ANSWER TO THE COMPLAINT**

07 CV 3085 (SAS)

        Defendants the City Of New York, Police Commissioner Raymond Kelly,

Sergeant Frank Teran, Captain Thomas Scollan, Lieutenant Ron Mejia and Sergeant Julius

Morton, by and through their attorney, Michael A. Cardozo, Corporation Counsel of the City of

New York, as and for his answer to the Complaint, respectfully alleges as follows:

        1.     Deny the allegations set forth in the paragraph "1" of the Complaint,

except admit that plaintiff purports to proceed as set forth therein.

        2.     Deny the allegations set forth in paragraph "2"of the Complaint, except

admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        3.     Deny the allegations set forth in the paragraph "3" of the Complaint,

except admit that plaintiff purports to proceed as set forth therein.

4.      Deny the allegations set forth in paragraph "4" of the Complaint, except admit that the venue of this court is proper.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff's rank prior to retirement was detective and that his shield number was 2648.

6.      Deny the allegations set forth in paragraph "6"of the Complaint, except admit that City of New York is a municipal corporation existing under the laws of the State of New York.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, and respectfully refer the Court to New York City Administrative Code §14-101 et. seq. for a complete and accurate statement of the powers and duties of the NYPD, except admit that the NYPD has offices at One Police Plaza and precincts throughout the City of New York .

8.      Deny the allegations set forth in paragraph "8" of the Complaint, and respectfully refer the Court to New York City Administrative Code §14-101 et. seq. for a complete and accurate statement of the powers and duties of the Police Commissioner.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, except admit that on or about July 8, 2004 Thomas Scollan held the rank of Captain and admit that Captain is a ranking officer and that plaintiff proceeds against him as set forth herein.

10.      Deny the allegations set forth in paragraph "10" of the Complaint, except admit that from on or about July 8, 2004 Frank Teran held the rank of Sergeant and that plaintiff purports to proceed against Teran as set forth herein.

11.    Deny the allegations set forth in paragraph "11" of the Complaint, except admit that on or about  from on or about May 28, 2003 until the present Julius Morton held the rank of Sergeant within the NYPD and that plaintiff proceeds against him as set forth herein.

12.    Deny the allegations set forth in paragraph "12" of the Complaint, except admit that from on or about April 21, 2001, to present Ron Mejia held the rank of Lieutenant in the NYPD and that plaintiff proceeds against him as set forth herein.

13.    Deny the allegations set forth in paragraph "13" of the Complaint, except admit that from on or about January 21, 1985 until his retirement  plaintiff was employed by the NYPD.

14.    Deny the allegations set forth in paragraph "14" of the Complaint, except admit that on or about July 8, 2004 the plaintiff was questioned in connection with a FBI investigation by FBI Special Agent Kenneth F. Hosey and that NYPD Sergeant Teran was present during the questioning.

14a.    Deny the allegations set forth in the second paragraph "14" of the Complaint, except admit that plaintiff was questioned by the FBI in connection with an investigation of Julio Vasquez and  Thomas Rachko.

15.    Deny the allegations set forth in paragraph "15" of the Complaint, except admit that on or about September 7, 2004 plaintiff was served with five charges and specifications.

16.    Deny the allegations set forth in paragraph "16" of the Complaint.

17.    Deny the allegations set forth in paragraph "17" of the Complaint, except admit that plaintiff, at his request that he not be questioned in front of his home, was transported from his residence to Yankee Stadium..

18.    Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Teran asked the plaintiff to place a phone call to Luis Nieves-Diaz, a detective formerly employed by the NYPD, that plaintiff declined to make the phone call, except deny knowledge or information sufficient to form a belief as to whether the plaintiff and Luis Nievas-Diaz were friends.

19.    Deny the allegations set forth in paragraph "19" of the Complaint, except admit that plaintiff was transported by Mejia to the offices of the Internal Affairs Bureau ("IAB") Group 1.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21.    Deny the allegations set forth in paragraph "21" of the Complaint.

22.    Deny the allegations set forth in paragraph "22" of the Complaint, except admit that defendant Scollan spoke to the plaintiff via telephone.

23.    Deny the allegations set forth in paragraph "23" of the Complaint, except admit that defendant Scollan, spoke to the plaintiff via telephone and informed him that he was being paid for the day.

24.    Deny the allegations set forth in paragraph "24" of the Complaint, except admit that defendant Scollan informed the plaintiff that he was being placed on modified duty.

25.     Deny the allegations set forth in paragraph "25" of the Complaint, except admit that after being placed on modified duty plaintiff was escorted to his precinct, Group 51, and asked to turn in his firearm.

26.     Deny the allegations set forth in paragraph "26" of the Complaint, except admit that the plaintiff, at his request, was driven home by two NYPD sergeants.

27.     Deny the allegations set forth in paragraph "27" of the Complaint

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     In response to the allegations set forth in paragraph "30" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "29" inclusive of their answer, as if fully set forth herein.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     In response to the allegations set forth in paragraph "37" of the Complaint, defendants repeats and reallege the responses set forth in paragraphs "1" through "36" inclusive of their answer, as if fully set forth herein.

38.     Deny the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

## FOR A FIRST DEFENSE:

45.     The Complaint fails to state a claim upon which relief may be granted.

## FOR A SECOND DEFENSE:

44.     Defendants did not violate any rights, privileges or immunities under the Constitution or laws of the United States and/or the State of New York or any political subdivision thereof.

## FOR A THIRD DEFENSE:

46.     The municipal defendants, City of New York and Police Commissioner Kelly, are not subject to an award of punitive damages.

## FOR A FOURTH DEFENSE

47.     The City of New York and NYPD have not adopted any policy, practice or custom violative of plaintiffs' rights.

## FOR A FIFTH DEFENSE

48.     Defendants Frank Teran, Thomas Scollan, Ron Mejia, and Julius Morton are protected from suit, in whole or in part by the doctrines of absolute immunity, qualified immunity, or common law immunity, or any combinations of these doctrines.

## FOR A SIXTH DEFENSE

49.    Any damages suffered by the plaintiff were the result of his own culpable

conduct.

**WHEREFORE,** Defendants respectfully request that the Complaint be dismissed

in all respects together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              June 21, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the City of New York
                        Attorney for Defendant
                        100 Church Street, Room 2-102
                        New York, New York 10007
                        (212) 788-6838

              By:    _____
                        Jonathan Bardavid (JB0072)
                        Assistant Corporation Counsel


Blanche Greenfield
Jonathan Bardavid,
Of Counsel

-7-

07 CV 3085 (SAS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISSANDER DONES,

                                                    Plaintiff,

                        -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, IN HIS OFFICIAL CAPACITY,
SERGEANT FRANK TERAN, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY, CAPTAIN THOMAS
SCOLLAN IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY, LIEUTENANT RON MEJIA IN HIS
OFFICIAL AND INDIVIDUAL CAPACITY AND
SERGEANT JULIUS MORTON, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY

                                                    Defendants

## ANSWER

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street
New York, N.Y.  10007

Of Counsel: Jonathan Bardavid
Tel:  (212) 788-6838

NYCLIS No.

*Due and timely service is hereby admitted.*

New York, N.Y. ................................, 200 .........

Signed:................................................................

Attorney for .........................................................