**EXHIBIT 7**

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| JULIO VASQUEZ | Case Number: CR04-00182 (CBA) |
| | USM Number: |

Eric Franz, Esq. (AUSA Adam Abensohn)
Defendant's Attorney

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ NOV 7 2006 ★
P.M.
TIME A.M.

## THE DEFENDANT:

X  pleaded guilty to count(s)   3 of Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:846 and 841(b)(1)(A) | Conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine, a Class A felony. | 11/26/03 | 3 |

The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X  Count(s)   1, 2, and 5   is   X are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 5, 2006
Date of Imposition of Judgment

Signature of Judge

Carol Bagley Amon, U.S.D.J.
Name and Title of Judge

October 31, 2006
Date

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 2 — Imprisonment                                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page _2_ of _5_

DEFENDANT:        JULIO VASQUEZ
CASE NUMBER:      CR04-00182 (CBA)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term

72 months

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

X   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    X   before 2 p.m. on    November 30, 2006 _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
       Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page   3   of   5  

DEFENDANT:      JULIO VASQUEZ
CASE NUMBER:    CR04-00182 (CBA)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

5 years

It is a special condition that the defendant participate in a substance abuse treatment program as selected by the U.S.P.D..

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
     future substance abuse. (Check, if applicable.)

X   **The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
     student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties                                        (NOTE: Identify Changes with Asterisks (*))

Judgment — Page  4  of  5

| DEFENDANT: | JULIO VASQUEZ |
| CASE NUMBER: | CR04-00182 (CBA) |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 10,000.00 | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
    Sheet 6 — Schedule of Payments                                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __5__ of __5__

DEFENDANT:    JULIO VASQUEZ
CASE NUMBER:    CR04-00182 (CBA)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  X  Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

    The $10,000.00 fine shall be paid in six months.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
  See Final Order of Forfeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

# ORIGINAL

UNITED STATES OF AMERICA

      -against-

      FINAL ORDER
      OF FORFEITURE

JULIO VASQUEZ,

      04-CR-182 (CBA)

          Defendant.

- - - - - - - - - - - - - - - X

      WHEREAS, on April 14, 2004, defendant JULIO VASQUEZ
pleaded guilty before this Court to Count Three of the above
captioned Superseding Indictment, charging him with conspiracy to
distribute a controlled substance, in violation of Title 21
U.S.C. §§ 846 and 841(b); and

      WHEREAS, on September 23, 2004, the defendant, and his
counsel, entered a Consent Order of Forfeiture agreeing to
forfeit to the United States, United States Currency that was
seized by law enforcement officers from a storage locker rented
by the Defendant on December 12, 2003 pursuant to Title 21 U.S.C.
§ 853;

      WHEREAS, on September 30, 2004, the Consent Order of
Forfeiture was so ordered by this Court and docketed with the
Clerk of Court for the Eastern District of New York; and

      WHEREAS, on December 27, 2004, the defendant, and his
counsel, entered an Amended Consent Order of Forfeiture agreeing
to forfeit to the United States, $744,401.55, which is the
correct total amount seized by law enforcement officers from a

storage locker rented by the Defendant on December 12, 2003
pursuant to Title 21 U.S.C. § 853;

WHEREAS, on December 30, 2004, the Amended Consent
Order of Forfeiture was so ordered by this Court and docketed
with the Clerk of Court for the Eastern District of New York;

WHEREAS, in accordance with Fed. R. Crim. P.
32.2(b)(3), legal notice of publication of the September 30, 2004
and December 29, 2004 Order and Amended Order of Forfeiture were
made in the *New York Post*, a daily newspaper of general
circulation in the Eastern District of New York, on February 4,
2005; February 11, 2005; and February 18, 2005; no third party
has filed with the Court any petition in connection with this
matter and the time to do so under 21 U.S.C. § 853(n)(2) has long
expired.

IT IS HEREBY ORDERED AND ADJUDGED that:

1.    Pursuant to Fed. R. Crim. P. 32.2(c)(2), the
Order and Amended Order of Forfeiture previously entered by this
Court are hereby made a Final Order of Forfeiture.

2.   The sum of $744,401.55 is hereby forfeited to the
United States pursuant to 21 U.S.C. § 853.

3.   The United States Department of Treasury is hereby
directed to dispose of the forfeited funds in accordance with all
applicable laws and rules.

4.   The Clerk of Court shall forward three certified
copies of this order to the U.S. Attorney's Office, One

Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Brooklyn, New York
Dated: October ⟨⟩, 2006

                                    SO ORDERED:


                                    _____
                                    HONORABLE CAROL B. AMON
                                    UNITED STATES DISTRICT JUDGE
                                    EASTERN DISTRICT OF NEW YORK