07 Civ. 3085 (SAS) (GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISSANDER DONES,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-140
New York, NY 10007-2601

*Of Counsel:* Carolyn Walker-Diallo
*Tel:* (212) 788-0868

Law Dep't No. 2007-014884

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

     POINT I ............................................................................................................................ 2

         PLAINTIFF'S § 1983 CLAIM SHOULD BE
         DISMISSED. ............................................................................................................ 2

         A.   The Summary Judgment Standard............................................................... 2

         B.   Plaintiff's Due Process Rights Were Not
             Violated............................................................................................... 2

             1. Liberty Interest.............................................................................. 3

             2. Property Interest............................................................................ 4

         C.   Plaintiff Cannot Establish a Violation of the
             Equal Protection Clause..................................................................... 5

         D.   Plaintiff Fails to Establish Municipal Liability
             Under Monell. ..................................................................................... 6

     POINT II ........................................................................................................................... 7

         PLAINTIFF CANNOT ESTABLISH A FALSE
         IMPRISONMENT CLAIM. .................................................................................... 7

     POINT III .......................................................................................................................... 9

         PLAINTIFF CANNOT ESTABLISH A
         CONSPIRACY CLAIM UNDER § 1985(3)........................................................... 9

     POINT IV .......................................................................................................................... 11

         THE INDIVIDUALS DEFENDANTS HAVE
         QUALIFIED IMMUNITY. ..................................................................................... 11

CONCLUSION....................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**                                                                 **Pages**

Arrington v. Liz Claiborne, Inc.,
   260 A.D.2d. 267, 688 N.Y.S. 2d 544 (1st Dep't 1999) ............................................................8

Bickerstaff v. Vassar College,
   196 F.3d 435 (2d Cir. 1999)......................................................................................................2

Bishop v. Wood,
   426 U.S. 341 (1976)..................................................................................................................3

Blasetti v. Pietropolo,
   213 F. Supp. 2d. 425 (S.D.N.Y. 2002).....................................................................................7

Board of Regents of State Colleges v. Roth,
   408 U.S. 546 (1972)..................................................................................................................5

Boyd v. Schembri,
   94 Civ. 7119, 1997 U.S. Dist. LEXIS 11965 (S.D.N.Y. Aug. 8, 1997) ...................................5

Brandt v. Board of Coop. Educ. Servs.,
   845 F.2d 416 (2d Cir. 1988)......................................................................................................3

Burrell v. City University of New York,
   995 F. Supp. 398 (S.D.N.Y. 1998) ..........................................................................................9

Cellamare v. Millbank, Tweed, Hadley & McCloy, LLP, et al.,
   03 Civ. 0039 (FB) (LB), 2003 U.S. Dist. LEXIS 22336 (E.D.N.Y. Dec. 2, 2003) .................8

Celotex Corp. v. Catrett,
   477 U.S. 317 (1986)..................................................................................................................2

City of Canton, Ohio v. Harris,
   489 U.S. 378 (1989)..................................................................................................................6

City of Cleburne v. Cleburne Living Center,
   473 U.S. 432 (1985)..................................................................................................................5

Costello v. Town of Fairfield,
   811 F.2d 782 (2d Cir. 1987)......................................................................................................9

Dawkins v. City of Utica,
   93 CV 373 (NPM), 1997 U.S. Dist. LEXIS 4608 (N.D.N.Y. Apr. 4, 1997) ...........................2

iii

**Cases**                                                                                               **Pages**

Disabled Amercian Veterans v. United States Dep't of Veteran Affairs,
    962 F.2d 136 (2d Cir. 1992).................................................................................5

Donato v. Plainview-Old Bethpage Cent. School Dist.,
    96 F.3d 623 (2d Cir. 1996)..............................................................................3, 4

Dove v. Fordham University,
    56 F. Supp. 2d 330 (S.D.N.Y. 1999)..................................................................9

Dwares v. City of New York,
    985 F.2d 94 (2d Cir. 1993)...............................................................................7

Ezekwo v. New York Health & Hosp. Corp.
    940 F.2d 775 (2d Cir. 1991)..............................................................................5

Gatling v. Fashion Assoc.,
    98 Civ. 2252 (LMM), 1998 U.S. Dist. LEXIS 12967 (S.D.N.Y. Aug. 18, 1999).................10

Gentile v. Wallen,
    562 F.2d 193 (2d Cir. 1977)..............................................................................3

Giano v. Senowski,
    54 F.3d 1050 (2d Cir. 1995)..............................................................................5

Gyadu v. Hartford Ins. Co.,
    197 F.3d 590 (2d Cir. 1999)............................................................................10

Harlow v. Fitzgerald,
    457 U.S. 800 (1982).......................................................................................11

Hodel v. Virgina Surface Mining & Reclamation Ass'n,
    452 U.S. 264 (1981).........................................................................................3

Hunter v. Bryant,
    502 U.S. 224 (1991).......................................................................................11

Kane v. Kresber,
    44 F.3d Supp. 2d 542 (S.D.N.Y. 1999)..............................................................5

King v. Crossland Savings Bank,
    111 F.3d 251 (2d Cir. 1997)..............................................................................7

Laverpool v. New York City Transit Authority,
    760 F. Supp. 1046 (E.D.N.Y. 1991) ..................................................................9

**Cases**                                                                                          **Pages**

Lee v. Bankers Trust Co.,
   96 Civ. 8153 (DAB), 1998 U.S. Dist. LEXIS 2784 (S.D.N.Y. Mar. 11, 1998) ........................8

Lennon v. Miller,
   66 F.3d 416 (2d Cir. 1995)..............................................................................................................12

Malanga v. Sears, Roebuck & Co.,
   109 A.D.2d 1054, 487 N.Y.S.2d 194 (4th Dep't 1985)...............................................................8

Malley v. Briggs,
   475 U.S. 335 (1986)......................................................................................................................12

Martinez v. City of Schenectady,
   97 N.Y.2d 78, 761 N.E.2d 560, 735 N.Y.S. 2d. 868 (2001).........................................................8

McCullough v. Wyandanch Union Free Sch. Dist,
   187 F.3d 272 (2d Cir. 1999).........................................................................................................3

McDarby v. Dinkins,
   907 F.2d 1334 (2d Cir. 1990)........................................................................................................9

McEvoy v. Spencer,
   49 F. Supp. 2d 224 (S.D.N.Y. 1999)...........................................................................................10

Mian v. Donaldson, Luftkin & Jenrette Sec. Corp.,
   7 F.3d 1085 (2d Cir. 1993)............................................................................................................9

Miranda v. Arizona,
   384 U.S. 436 (1966).......................................................................................................................9

Mitchell v. Forsyth,
   472 U.S. 511 (1985)................................................................................................................11, 12

Monell v. New York City Dep't of Social Servs.,
   436 U.S. 658 (1978)...................................................................................................................6, 7

Muller v. Costello,
   197 F.2d 298 (2d Cir 1999)..........................................................................................................6

Muniz v. New York,
   96 Civ. 5931 (MGC), 1997 U.S. Dist. LEXIS 14008 (S.D.N.Y. Sept. 12, 1997) ....................9

Overhoff v. Ginsburg Development, L.L.C.,
   143 F. Supp. 2d 379 (S.D.N.Y. 2001).........................................................................................6

**Cases**                                                                          **Pages**

Parratt v. Taylor,
    451 U.S. 527 (1981)................................................................................3

Quinn v. Nassau County Police Department,
    53 F. Supp. 2d 347 (E.D.N.Y. 1999) .............................................................6

Richardson v. Westchester County,
    96 Civ. 9674 (DLC), 1998 U.S. Dist. LEXIS 9850 (S.D.N.Y. July 6, 1998)...........................6

Saucier v. Katz,
    533 U.S. 194 (2001)............................................................................11, 12

Scott v. Harris,
    ___ U.S. ___, 127 S. Ct. 1769, 1773 (2007)...........................................................11

Sharpe v. Long,
    842 F. Supp. 197 (D.S.C. 1992)..................................................................10

Valmonte v. Bane,
    18 F.3d 992 (2d Cir. 1994)........................................................................3

Washington Square Post No. 1212 v. Maduro,
    907 F.2d 1288 (2d Cir. 1990)....................................................................12

Weaver v. Brenner,
    40 F.3d 527 (2d Cir. 1993)........................................................................11

Wright v. Coughlin,
    132 F.3d 133 (2d Cir. 1998)........................................................................2

**Statutes**

Fed. R. Civ. P. 56(c) ........................................................................................4

U.S. Const. amend. V........................................................................................1, 2

U.S. Const. amend. XIV, § 1 ............................................................................1, 2, 3, 5, 6, 9

42 U.S.C. § 1983........................................................................................1, 2, 5, 9, 11

42 U.S.C. § 1985........................................................................................1, 2, 9, 10

## PRELIMINARY STATEMENT

Defendants, the City of New York, Commissioner Raymond Kelly, Sergeant Frank Teran, Deputy Inspector Thomas Scollan, Lieutenant Ronald Mejia, and Sergeant Julius Morton respectfully submit this memorandum of law in support of their motion for summary judgment made on the grounds that plaintiff cannot establish a violation of the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment, the Self-Incrimination Clause of the Fifth Amendment, nor can plaintiff state a *prima facie* case of conspiracy under Section 1985(3).

Plaintiff, a retired detective of the New York City Police Department ("NYPD") alleges that defendants violated 42 U.S.C. § 1983 when they allegedly denied him union representation and a lawyer on July 8, 2004. Plaintiff also alleges that defendants violated 42 U.S.C. § 1985 by conspiring to place him on modified duty. However, as set forth herein, plaintiff cannot establish that these actions violated his liberty or property rights nor can plaintiff establish that his placement on modified duty was a violation of these constitutional rights. Moreover, plaintiff cannot establish that the defendants, who are NYPD officers, conspired to harass and injure plaintiff because as a matter of law, intra agency conspiracy claims cannot survive. Thus, summary judgment in favor of defendants must be granted.

## STATEMENT OF FACTS

The Court is respectfully referred to Defendants Statement of Undisputed Facts Under Local Civil Rule 56.1, dated April 15, 2008 ("56.1 Statement"), the Declaration of Carolyn Walker-Diallo, dated April 15, 2008 ("Walker-Diallo Decl."), the Declaration of Patrick Sullivan dated April 15, 2008 ("Sullivan Decl."), the Declaration of Francis X. Teran, dated April 15, 2008 ("Teran Decl."), and the supporting evidence cited to therein for a statement of pertinent and material facts.

## ARGUMENT

## POINT I

## PLAINTIFF'S § 1983 CLAIM SHOULD BE DISMISSED.

### A.    The Summary Judgment Standard.

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant is not, however, required to present evidence negating the element of the other party's case and can simply point to an absence of evidence on an issue on which the non-movant bears the burden of proof. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party bears the initial burden of going forward to show that there is no genuine issue of material fact, once that burden has been met, the non-moving party cannot rely on conclusory allegations or speculation. Rather, the non-moving party must set forth specific facts indicating that a genuine issue of fact exists to defeat the motion for summary judgment. See Wright v. Coughlin, 132 F.3d 133, 137 (2d Cir. 1998). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." Bickerstaff v. Vassar College, 196 F.3d 435, 452 (2d Cir. 1999).

### B.    Plaintiff's Due Process Rights Were Not Violated.[1]

---

[1] Insofar as Plaintiff alleges a violation of his Fifth Amendment due process rights, that claim must be dismissed. Plaintiff has not named the United States government or any agency or employee of the United States as a Defendant in this case. The Fifth Amendment "governs the conduct of the *federal* government and *federal* employees, and does not regulate the activities of state officials or state actors." Dawkins v. City of Utica, 93 CV 373 (NPM), 1997 U.S. Dist. LEXIS 4608, *1, *4 (N.D.N.Y. Apr. 4, 1997) (emphasis in original) (internal citations and quotation marks omitted).

The Due Process Clause of the Fourteenth Amendment prohibits the state or its actors from depriving an individual of a significant liberty or property interest without affording notice and some opportunity to be heard prior to the deprivation. See e.g., Hodel v. Virginia Surface Mining & Reclamation Ass'n, 452 U.S. 264, 299 (1981); Parratt v. Taylor, 451 U.S. 527, 540 (1981). Here, plaintiff claims that he was unlawfully detained by the NYPD, denied union representation and a lawyer and placed on modified duty. However, even if true, these claims do not constitute a deprivation of a constitutionally protected liberty or property interest, and as such, plaintiff's claims must be dismissed.

      1.     Liberty Interest.

The Second Circuit has held that "a government employee's constitutionally protected liberty interest is implicated when the government, in terminating the employee, imposes upon the employee a stigma which restricts his or her ability to obtain future employment." McCullough v. Wyandanch Union Free Sch. Dist., 187 F.3d 272, 280-1 (2d Cir. 1999) (citing Brandt v. Board of Coop. Educ. Servs., 845 F.2d 416, 417 (2d Cir. 1988). A public disclosure of the stigmatizing allegations must be shown in order for this constitutional right to be implicated.   Bishop v. Wood, 426 U.S. 341, 348 (1976); Gentile v. Wallen, 562 F.2d 193, 197 (2d Cir. 1977).   Allegations of dishonest, illegal or immoral conduct or statements that "denigrate the employee's competence as a professional" constitutes stigma.  See Donato v. Plainview-Old Bethpage Cent. School Dist., 96 F.3d 623, 630 (2d Cir. 1996).   However, defamation by itself, including the adverse impact on employment, is insufficient to establish the loss of a liberty interest. See Valmonte v. Bane, 18 F.3d 992, 999 (2d Cir. 1994). Here, plaintiff's allegations that his placement on modified duty on alleged "fabricated charges" fail to implicate the  fourteenth amendment. See id. at ¶ 24.

At his deposition, plaintiff testified that the NYPD placed him on modified duty and designated that it was as a result of a "domestic incident" so that "nobody [would] [] know that [plaintiff was] placed on modified because of this incident." See Plaintiff's Deposition Transcript ("Pl. Tr.") 49:10-18, Exhibit "2" to the Walker-Diallo Decl. Even assuming plaintiff's allegations are true, plaintiff cannot establish that the NYPD disseminated the basis for modification of his status to anyone outside of the NYPD. Moreover, plaintiff cannot establish that this satisfies the "stigma plus test."

The Second Circuit has held that allegations of dishonest, illegal and immoral conduct as well as statements that "denigrate the employee's competence as a professional and impugn the employee's professional reputation" constitute a stigma. See Donato, 96 F.3d at 630-1. Most importantly, plaintiff was not terminated or disciplined for a "domestic incident" and was allowed to retire with full benefits in August 2006. As plaintiff has not presented any evidence that this information regarding the alleged basis for the modification of his duty status was published or given to anyone outside of the NYPD nor has plaintiff demonstrated that he was treated negatively while employed with the NYPD as a result of these "fabricated charges," or that his ability to obtain employment after retirement has been restricted, plaintiff fails to demonstrate that he has suffered a substantial liberty interest violation.

2.    Property Interest.

Plaintiff's claim that he was deprived of a property interest is equally unavailing. Plaintiff alleges that Sgt. Teran threatened that plaintiff would "lose his detail" if he did not assist the NYPD in the investigation into Nieves-Diaz, a police officer who was suspected of stealing $250,000 from drug dealers and who was later terminated from his position. See id. at 42:10-12, 47:7-9; Teran Decl ¶ 8. Plaintiff testified that the unit he worked in was considered "elite." See id. Plaintiff also alleges that his placement on modified duty prevented him from

- 4 -

working overtime. See Compl. ¶ 29. However, the loss of a perceived superior work assignment or overtime pay does not constitute a deprivation of a property interest. See Boyd v. Schembri, 94 Civ. 7119 (JSM), 1997 U.S. Dist. LEXIS 11965, *1, *7 (S.D.N.Y. Aug. 8, 1997). Indeed, this Court has held that "[d]enials of 'a particular work assignment' concerns 'interests that are not entitled to the protections afforded by the Due Process Clause.'" Kane v. Krebser, 44 F. Supp. 2d 542, 549 (S.D.N.Y. 1999). Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.") (quoting Ezekwo v. New York City Health & Hosp. Corp., 940 F.2d 775, 783 (2d Cir. 1991)).

Thus, plaintiff's claim that he was deprived of overtime when placed on modified duty and threatened with loss of his "elite" work assignment if he did not cooperate with the NYPD does not implicate property interests protected by the Due Process Clause of the Fourteenth Amendment. See Boyd, 1997 U.S. Dist. LEXIS 11965 at *7.

## C.    Plaintiff Cannot Establish a Violation of the Equal Protection Clause.

In order to sustain a Section 1983 claim under the Fourteenth Amendment, plaintiff must show that defendants denied him equal protection of the law. The Fourteenth Amendment right to equal protection of the law is "essentially a direction that all persons similarly situated be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Disabled American Veterans v. United States Dep't of Veteran Affairs, 962 F.2d 136, 141 (2d Cir. 1992). Plaintiff must show purposeful discrimination directed to an identifiable class. See Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995).

Even if no suspect class or identifiable right is implicated, an Equal Protection violation may be found based upon "arbitrary and irrational discrimination" or an allegation of

selective treatment in terms of public employment where it is shown that such treatment was motivated by an intention to discriminate based upon impermissible considerations, such as race or by a malicious or bad faith intent to injure the person. See Muller v. Costello, 197 F.2d 298, 309 (2d Cir. 1999); Overhoff v. Ginsburg Development, L.L.C., 143 F.2d Supp. 2d 379, 388 (S.D.N.Y. 2001); Quinn v. Nassau County Police Department, 53 F. Supp. 2d 347, 355 (E.D.N.Y. 1999).

Here, the Complaint and the record is devoid of any allegation that plaintiff believed he was treated differently than any other police officer on July 8, 2004 on account of any protected characteristic or that he was subjected to "arbitrary or irrational discrimination." Nor did plaintiff produce any documents in discovery to support these claims. As such, plaintiff's claim must be dismissed.

**D.     Plaintiff Fails to Establish Municipal Liability Under <u>Monell.</u>**

It is well settled that a municipal entity such as the City of New York is only liable under §1983 if the entity engages in a pattern or practice that gave rise to the unconstitutional conduct. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690-95 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). To establish that such a policy or practice exists, plaintiff must point to evidence supporting such an inference. See Richardson v. Westchester County, et al., 96 Civ. 9674 (DLC), 1998 U.S. Dist. LEXIS 9850, *1, *17 (S.D.N.Y. July 6, 1998). This Court has held that such a policy or practice may be inferred from "acts or omissions of a municipality's supervisory officials serious enough to amount to gross negligence or deliberate indifference to the constitutional rights of the plaintiffs" and can be "based on municipal supervisors' knowing acquiescence in the unconstitutional behavior of their subordinates." Blasetti v. Pietropolo, 213 F. Supp. 2d 425, 430 (S.D.N.Y. 2002). Here, plaintiff cannot demonstrate any of these factors.

First, plaintiff cannot establish a Monell claim because plaintiff has not identified any violation of a constitutional right. Second, plaintiff has not provided any evidence to support a claim that the NYPD has a custom, policy or practice of violating police officers by denying them union representation and an attorney or by placing them on modified duty on "fabricated charges." Nor has plaintiff produced evidence that Commissioner Kelly's actions amount to "gross negligence or deliberate indifference" to any constitutional rights. As aptly noted by the Second Circuit, "[t]he mere assertion, however, that a municipality has such a custom or policy is insufficient [to state a claim] in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993). Plaintiff's complaint and the record solely contain allegations of his individual claims, none of which are sufficient to give rise to the inference of a policy, custom or practice. Id. ("A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy.") Thus, plaintiff's Monell claim must be dismissed.

## POINT II

### PLAINTIFF CANNOT ESTABLISH A FALSE IMPRISONMENT CLAIM.

To the extent plaintiff alleges that the interview by the NYPD on July 8, 2004 constituted "false imprisonment" or unlawful detention, plaintiff's claim is also without merit. A plaintiff asserting a claim for false imprisonment must establish that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged. See King v. Crossland Savings Bank, 111 F.3d 251, 255 (2d Cir. 1997). In addition, "[a] false imprisonment claim requires a *prima facie* showing of actual confinement or threatening conduct." Lee v. Bankers

Trust Co., 96 Civ. 8153 (DAB), 1998 U.S. Dist. LEXIS 2784, *1, *5 (S.D.N.Y. Mar. 11, 1998);

Martinez v. City of Schenectady, 97 N.Y.2d 78, 761 N.E.2d 560, 735 N.Y.2d 868 (2001).  The

facts in the case at bar do not constitute a false imprisonment claim.

        In the Complaint, plaintiff alleges that on July 8, 2004 he was unlawfully detained

and interrogated for 12 hours without having access to an attorney or union representation.  See

Compl. ¶ 33.    Plaintiff testified that while he was not physically restrained or told he could not

leave while being questioned by defendants on July 8, 2004, he believed he could not leave.  See

Pl. Tr. 43:6-7; 46:20-47:9, Exhibit "2."   This is insufficient to establish a claim for false

imprisonment.   See Malanga v. Sears, Roebuck & Co., 109 A.D.2d 1054, 1055, 487 N.Y.S.2d

194, 196 (4th Dep't 1985) ("Plaintiff's fear that she would be arrested or fired if she left does not

constitute the detaining force necessary to establish a tort of false imprisonment."); See also

Arrington v. Liz Clairborne, Inc., 260 A.D.2d 267, 688 N.Y.S. 2d 544 (1st Dep't 1999) (no false

imprisonment claim stated where employees, who were questioned by security about fraudulent

time sheets, believed that the door to the office was locked and felt that they were not free to

leave because they were that told that police would be called if they did not sign written

agreements); Cellamare v. Millbank, Tweed, Hadley & McCoy, LLP, et al., 03 Civ. 0039 (FB)

(LB), 2003 U.S. Dist LEXIS 22336 at *6 (E.D.N.Y. Dec. 12, 2003) (holding that plaintiff's

allegations that her employer brought her to a small room, interrogated her for hours, called her

names, and induced her to sign a statement with a promise that she would then be able to leave,

did not do not arise to anything more than a lengthy interview by an employer); Lee v. Bankers

Trust Co., 1998 U.S. Dist. LEXIS 2784 at *5 (no unlawful imprisonment where employee was

questioned by security personnel who passed themselves off as former FBI agents and prepared a

confession to sign).    As plaintiff makes only conclusory allegations in support of his claim for

false imprisonment or unlawful detention and such claims, without more, do not establish such a claim.[2]

## POINT III

### PLAINTIFF CANNOT ESTABLISH A CONSPIRACY CLAIM UNDER § 1985(3).

A conspiracy is defined as an "agreement between two or more individuals, where one individual acts in furtherance of the objective of the conspiracy, and each member has knowledge of the nature and scope of the agreement." Dove v. Fordham University, 56 F. Supp 2d 330, 337 (S.D.N.Y. 1999) (citing to Burrell v. City University of New York, 995 F. Supp. 398, 414 (S.D.N.Y. 1998)). To prevail on a § 1985 (3) claim, a plaintiff must show that the defendants conspired and that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993). "A constitutional conspiracy claim must [also] be pled with at least some degree of particularity." Dove, at 338 (citing to Laverpool v. New York City Transit Authority, 760 F. Supp. 1046, 1056 (E.D.N.Y. 1991)); Muniz v. New York, 96 Civ. 5931 (MGC), 1997 U.S. Dist. LEXIS 14008 (S.D.N.Y. Sept. 12, 1997). Therefore, a "complaint containing only conclusory, vague, or general allegations of conspiracy

---

[2] Plaintiff's asserts that he was denied an attorney and union delegate in violation of the NYPD Patrol Guide and the Due Process Clause. In McDarby v. Dinkins, 907 F.2d 1334 (2d Cir. 1990), the Second Circuit held that "[a] breach of procedural requirements does not create a due process violation unless an individual was denied a fair forum for protecting his state rights." (internal citation omitted). Plaintiff was not entitled to an attorney as he was not under arrest nor suspected of committing a crime. See Miranda v. Arizona, 384 U.S. 436 (1966) . Moreover, even if the NYPD violated the Collective Bargaining Agreement or the Patrol Guide by not providing plaintiff with a union delegate, such actions do not establish a constitutional violation. See Costello v. Town of Fairfield, 811 F.2d 782, 784 (2d Cir. 1987) (contract dispute does not give rise to a cause of action under Section 1983). It should be noted that plaintiff was officially interviewed on September 7, 2004 by the NYPD where he was afforded union and attorney representation.

to deprive a person of constitutional rights cannot withstand a motion to dismiss." Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999).

       In the Complaint, plaintiff alleges that the "defendants conspired with and amongst each other" to deprive him of his rights. See Compl. ¶ 39-40, Exhibit "1."     However, as a matter of law, plaintiff cannot establish a conspiracy amongst the defendants named in this action because they are part of a single entity.   "Officials of a single government entity, acting in their official capacities cannot conspire among themselves or with the entity within the meeting of § 1985." McEvoy v. Spencer, 49 F. Supp. 2d 224, 226 (S.D.N.Y. 1999) citing Sharpe v. Long, 842 F.Supp 197, 201 (D.S.C. 1992); see also Gatling v. Fashion Assoc., No. 98 Civ. 2252 (LMM), 1999 U.S. Dist. LEXIS 12967, *1, *6-7 (S.D.N.Y. Aug. 18, 1999).   Thus, all claims alleging that the defendants engaged in a conspiracy to deny plaintiff his constitutional and/or statutory rights must be dismissed.

       In recognition of the legal deficiency of his pleading, at the promotion conference on defendants' application for leave to serve a motion for summary judgment,  plaintiff asserted, for the first time, that he intends to assert that defendants conspired with the FBI to deprive him of his constitutional rights.  As an initial matter,  defendants object to plaintiff's belated attempt to amend his compliant on the grounds that any such claim is prejudicial, as it was raised for the first time after the close of discovery and in anticipation of defendants' summary judgment motion.   Further, even assuming the claim could survive, plaintiff can set forth no set of facts which would support such a claim against the defendants.

       In the Complaint, plaintiff alleges that defendants conspired to deprive him of his constitutional rights by placing him on modified duty.  However, there is simply no evidence to support plaintiff's self serving assertion that the FBI was in any way involved in the NYPD's

decision to place him on modify duty. In fact, there is no evidence in the record that Agent Hosey communicated with the NYPD concerning plaintiff after Agent Hosey left Yankee Stadium. Plaintiff was never criminally prosecuted by the FBI or any federal or state authorities. As such, plaintiff's belated assertion that the FBI conspired with defendants to place him on modified duty is without merit.

## POINT IV

## THE INDIVIDUALS DEFENDANTS HAVE QUALIFIED IMMUNITY.

The claims asserted against the individual defendants should be dismissed because they are entitled to qualified immunity. Police officers, like other public officials, "are immune from § 1983 civil rights suits . . . when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Weaver v. Brenner, 40 F.3d 527, 532-33 (2d Cir. 1993) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

Qualified immunity is "an immunity from suit rather than the mere defense to liability and is effectively lost if the case is erroneously permitted to go to trial." Scott v. Harris, ___ U.S. ___, 127 S.Ct. 1769, 1773 (2007) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). This doctrine is "an entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 200, 121 S. Ct. 2151 (2001) (quoting Mitchell, 472 U.S. at 526). To this end, the Supreme Court has "repeatedly stressed" that it is necessary that "qualified immunity questions should be resolved at the earliest possible stage of litigation," to satisfy the goal of the doctrine. Scott, 127 S.Ct at 1773 (quoting Hunter v. Bryant, 502 U.S. 224, 227,112 S. Ct. 534 (1991) (per curiam)). The question of qualified immunity is independent from the merits of the underlying action and must be examined independent of the underlying claims. See

*Saucier*, 533 U.S. at 204; <u>see also</u> <u>Washington Square Post No. 1212 v. Maduro</u>, 907 F.2d 1288, 1292 (2d Cir. 1990) (<u>citing</u> <u>Mitchell</u>, 472 U.S. at 527-28)). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." <u>Saucier</u> 533 U.S. at 202 (<u>quoting</u> <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986)).

The qualified immunity determination begins with an analysis of whether, on the facts alleged, the alleged conduct violated a constitutional right. <u>Scott</u>, 127 S.Ct. at 1774. Assuming, that the first prong is satisfied, that is, a constitutional violation is established on the facts alleged, the Court must then inquire whether the right was "clearly established" at the time of the alleged incident. <u>Id.</u> The "clearly established" inquiry requires that if the law did not put the official on notice that his or her conduct would be clearly unlawful, dismissal based on qualified immunity is appropriate. <u>Saucier</u>, 533 U.S. at 202. The <u>Saucier</u> Court stated that the right that is alleged to have been violated must have been "clearly established in a more particularized, and hence more relevant, sense." <u>Id.</u> at 202. As discussed in Point I (B), plaintiff has not provided any basis to support any claim that the individual defendants violated any of his constitutional rights.

However, even if this Court were to find that a fact issue exists concerning any alleged deprivation of plaintiff's constitutional rights, the individual defendants would nonetheless be entitled to qualified immunity because it was objectively reasonable for them to believe that their actions were appropriate and lawful. <u>See</u> <u>Lennon v. Miller</u>, 66 F.3d 416, 423 (2d Cir. 1995). It was certainly reasonable for defendant Teran to question plaintiff concerning his communication with individuals who had been arrested for drug trafficking and with an individual who were being served with disciplinary charges pursuant to NYPD Rules. Moreover, it was reasonable for the NYPD to question him concerning whether or not he

accessed the computer files in the investigation, as the Department's records indicated that someone using plaintiff's unique computer identification code accessed the records. Lastly, it light of the documentary evidence that demonstrated that plaintiff had seemingly engaged in misconduct, it was reasonable for the NYPD to place plaintiff on modified duty pending a determination of his fitness for duty.  Accordingly, is the individual defendants are entitled to qualified immunity.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court issue an order granting their motion for summary judgment, dismissing the complaint in its entirety with prejudice, entering judgment for Defendants, and granting Defendants costs, fees, and disbursements together with such other and further relief as this Court may deem just and proper.

Dated:      New York, New York
            April 15, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-140
New York, New York 10007-2601
Telephone: (212) 788-0868
Email: cwalker@law.nyc.gov

By: _____
            Carolyn Walker-Diallo
            Assistant Corporation Counsel

- 13 -