# PATROL GUIDE



| Section: Disciplinary Matters | Procedure No: 206-13 |
|---|---|

## INTERROGATION OF MEMBERS OF THE SERVICE

| DATE ISSUED: 01/01/2000 | DATE EFFECTIVE: 01/01/2000 | REVISION NUMBER: | PAGE: 1 of 3 |
|---|---|---|---|

**PURPOSE**  To protect the rights of the member of the service (uniformed or civilian) in an official Department investigation.

**PROCEDURE**  Prior to questioning a member of the service (uniformed or civilian) who is the subject or a witness in an official investigation:

**INTERROGATING OFFICER**

1. Permit member to obtain counsel if:
   a. A serious violation is alleged, <u>OR</u>
   b. Sufficient justification is presented although the alleged violation is minor.
2. Notify member concerned two (2) business days prior to date of hearing to permit member to obtain and confer with counsel.

**NOTE**  *A uniformed member of the service in the rank of police officer who is the subject of an official investigation will be given two (2) business days prior to the date of a hearing, if a serious violation is alleged or sufficient justification is presented even though the alleged violation is minor, to obtain and confer with counsel. In addition, a police officer that is a witness in an official investigation is entitled to a period of time, up to four (4) hours, to confer with counsel.*

*A uniformed member of the service in the rank of detective, sergeant, lieutenant or captain and above, who is the subject of an official investigation or a witness in an official investigation, shall be given a reasonable period of time to obtain and confer with counsel prior to questioning. Interrogations of members in routine, non-critical matters should be scheduled during business hours on a day when the member is scheduled to work.*

*Interrogations of detectives, sergeants, lieutenants, and captains and above in emerging investigations, where there is a need to gather timely information, should usually be done after all preliminary steps and conferrals have been completed and the member to be questioned has been afforded a reasonable time to obtain and confer with counsel. In determining what is a reasonable period of time, consideration should be given to the nature of the investigation, the need for the Department to have the information possessed by the member in a timely manner, and the stage the investigation is at when the need to question the member has been determined. The emergent nature and exigent circumstances of each investigation will determine the length of time afforded the member before questioning is conducted. However, in all cases the determination as to what is a reasonable time will be made by the captain (or above) in charge of the investigation.*

3. Inform member concerned of:
   a. Rank, name and command of person in charge of investigation
   b. Rank, name and command of interrogating officer
   c. Identity of all persons present
   d. Whether he is subject or witness in the investigation, if known
   e. Nature of accusation
   f. Identities of witnesses or complainants (address need not be revealed) <u>except</u> those of confidential source or field associate unless they are witnesses to the incident
   g. Information concerning all allegations.
   h. The Department's policy regarding making false statements (*see* P.G. 203-08).

**NEW • YORK • CITY • POLICE • DEPARTMENT**

# PATROL GUIDE

| PROCEDURE NUMBER: | DATE EFFECTIVE: | REVISION NUMBER: | PAGE: |
|---|---|---|---|
| 206-13 | 01/01/2000 | | 2 of 3 |

**INTERROGATING OFFICER (continued)**

4. Permit representative of department line organization to be present at all times during interrogation.
5. Conduct interrogation at reasonable hour, preferably when member is on duty during daytime hours.
6. Ensure that interrogation is recorded either mechanically or by a department stenographer.
   a. The Department Advocate will determine if a transcript is required in non-criminal or minor violation cases.
7. DO NOT use:
   a. "Off the record" questions
   b. Offensive language or threats (transfer, dismissal or other disciplinary punishment)
   c. Promises of reward for answering questions.
8. Regulate duration of question periods with breaks for meal, personal necessity, telephone call, etc.
9. Record all recesses.

**NOTE**

*Interrogations may be conducted before or after* **CHARGES AND SPECIFICATIONS (PD468-121)** *have been served. An interrogation conducted after service of charges* must *be completed at least ten (10) days prior to the date of Department trial* except *as directed by the Deputy Commissioner - Trials.*

10. Conduct interrogation within a reasonable time after disposition of criminal matter, when member was arrested, indicted or under criminal investigation.

**DEPARTMENT ADVOCATE**

11. Furnish member with copy of tape of interrogation no later than twenty (20) days after service of charges.
    a. If interrogation was conducted after service of charges, tape must be furnished to member no later than five (5) days after interrogation
    b. Furnish transcript, if one was prepared, by 1000 hours on trial date, in all cases.

**NOTE**

*When the Department trial date is scheduled immediately after* **CHARGES AND SPECIFICATIONS** *are served, the Deputy Commissioner - Trials will grant the Department reasonable time to conduct an interrogation. In any event, a copy of the tape and a copy of the transcript* must *be furnished as indicated above, if appropriate.*

**COMMANDING OFFICER OF MEMBER**

12. Assign member to 2nd Platoon, if possible.

**MEMBER OF THE SERVICE**

13. Answer questions specifically directed and narrowly related to official duties. (Refusal shall result in suspension from duty).
14. Submit **OVERTIME REPORT (PD138-064)** if lost time accrues as result of investigation.

**NEW • YORK • CITY • POLICE • DEPARTMENT**

# PATROL GUIDE

| PROCEDURE NUMBER: | DATE EFFECTIVE: | REVISION NUMBER: | PAGE: |
|---|---|---|---|
| 206-13 | 01/01/2000 | | 3 of 3 |

| | | |
|---|---|---|
| **SUPERVISOR IN CHARGE OF INVESTIGATION** | 15. | Notify the desk officer immediately when member of the service is directed to leave his post or assignment to report for an official investigation. |
| | 16. | Ensure that notifications concerning official investigations are properly recorded in appropriate Department records when made to or recorded from: <br> a. Complainants <br> b. Witnesses <br> c. Lawyers <br> d. Respondents <br> e. Other interested parties. |
| **DESK OFFICER** | 17. | Record in appropriate department records and notify the investigating command immediately of notifications or messages received from: <br> a. Lawyers <br> b. Witnesses <br> c. Complainants <br> d. Other interested parties involved in the subject investigation. |
| **ADDITIONAL DATA** | | If a member of the service (uniformed or civilian) is under arrest or is the subject of a criminal investigation or there is a likelihood that criminal charges may result from the investigation, the following warnings shall be given to the member concerned prior to commencement of the interrogation: |

"*I wish to advise you that you are being questioned as part of an official investigation by the Police Department. You will be asked questions specifically directed and narrowly related to the performance of your duties. You are entitled to all the rights and privileges guaranteed by the laws of the State of New York, the Constitution of this state and the Constitution of the United States, including the right not to be compelled to incriminate yourself and the right to have legal counsel present at each and every stage of this investigation.*

*I further wish to advise you that if you refuse to testify or to answer questions relating to the performance of your official duties, you will be subject to departmental charges, which could result in your dismissal from the Police Department. If you do answer, neither your statements nor any information or evidence which is gained by reason of such statements can be used against you in any subsequent criminal proceedings. However, these statements may be used against you in relation to subsequent departmental charges.*"

The questions and answers resulting from the interrogation conducted pursuant to this procedure are confidential. They are not to be revealed nor released to any person or agency outside the department <u>without</u> prior written approval of the Deputy Commissioner - Legal Matters. If a subpoena duces tecum is received for any such questions and answers, the Legal Bureau should be contacted <u>immediately</u>.

| | |
|---|---|
| *FORMS AND REPORTS* | *CHARGES AND SPECIFICATIONS (PD468-121)* <br> *OVERTIME REPORT (PD138-064)* |

**NEW • YORK • CITY • POLICE • DEPARTMENT**