```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
LISSANDER DONES,

                              Plaintiff,

        -against-                                       07 CV 3085 (SAS)

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, in his official capacity,
SERGEANT FRANK TERAN, in his official and
individual capacity, CAPTAIN THOMAS SCOLLAN,
in his official and Individual Capacity,
et al.,

                              Defendants.
----------------------------------------X
```

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Submitted by:

Cronin & Byczek LLP
Attorneys for Plaintiff
1983 Marcus Avenue, Suite C-120
Lake Success, New York  11042
516-358-1700

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ........................................... ii

NATURE OF ACTION ................................................ 1

STATEMENT OF FACTS .............................................. 2

ARGUMENT ........................................................ 2

POINT I

    DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ........... 2

POINT II

    DISCIPLINARY ACTIONS AGAINST THE
    PLAINTIFF BY THE DEFENDANTS VIOLATED
    HIS EQUAL PROTECTION AND DUE PROCESS RIGHTS ............... 4

POINT III

    MULTIPLE ENTITIES CONSPIRED TO DEPRIVE
    THE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS ................ 8

POINT IV

    PLAINTIFF WAS FALSELY IMPRISONED ......................... 10

POINT V

    DEFENDANTS ARE NOT
    ENTITLED TO QUALIFIED IMMUNITY ........................... 11

POINT VI

    PLAINTIFF HAS A BASIS TO ESTABLISH
    MUNICIPAL LIABILITY ...................................... 13

CONCLUSION ..................................................... 14

CONCLUSION ..................................................... 24

# TABLE OF AUTHORITIES

**Cases**                                                                                                             **Page**

Abramson v. Pataki, 278 F.3d 93, 99 (2d Cir. 2002) .......................................................................7

Anderson v. Creighton, 483 U.S. 635, 640 (1987) ........................................................................ 12

Anderson v. Liberty Lobby, Inc.. 477 U.S. 242, 255 (1986) ..........................................................2,3

Belfi v. Predergast, 191 F3d. 129, 135 ($2^d$ Cir. 1999) ....................................................................3

Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983) ................................................................13

Bernheim v. Litt, 79 F.3d 318, 323 (2d Cir. 1996) ..........................................................................7

Bickerstaff v. Vassar College, 196 F.3d 435, 448 (2d Cir. 1999) ...................................................4

Bickhardt v. Ratner, 871 F.Supp. 613 (SDNY 1994) ......................................................................3

Bizzaro v. Miranda, 394 F.3d 82, 86 (2d Cir. 2005) .......................................................................4

Buonanotte v. Noonan, et al., 534 F.Supp.2d 385 (2008) .............................................................4,6

Celotex Corp. v. Catrett, 477 US 317, 322-23 (1986) ....................................................................2

Ciambriello v. County of Nassau, 292 F.3d 307, 313-14 (2d Cir. 2002) .....................................7,9

City of Cleburne, Tex. V. Cleburne Living Center,
473 U.S. 432, 439 (1985) .................................................................................................................4

Cook v. Sheldon, 41F.3d 73, 78 (2nd Cir. 1994) ............................................................................ 12

Crowley v. Courville, 76 F.3d 47, 52-53 (2d Cir. 1996) .................................................................5

Cruz v. New York City Housing Authority, et al.,
not reported in F.Supp.2d, 2004 WL 1970143 ................................................................................7

First Nat'l Bank of Ariz v. Cities Serv. Co.,
391 U.S. 253, 288-89, 88 (S.Ct. 1968) .............................................................................................3

Fisk v. Letterman, 401 F.Supp.2d 362, 376 (S.D.N.Y. 2005) ........................................................9

Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997) ........................................................................3

Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) ...................................................................9

Grillo v. New York City Transit Authority,
291 F.3d 231, 234 (2d Cir. 2002) ..........................................................................................4

Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996) ..............................................3

Hampton v. Hanrahan, 600 F.2d 600, 620-624 (7th Cir. 1979) ............................................9

Harlen Assocs. v. Incorporated Village of Mineola,
273 F.3d 494, 499 (2d Cir. 2001) ..........................................................................................4

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ................................................................. 12

Hellenic American Neighborhood Action Committee v.
City of New York, 101 F.3d 877, 880 (2d Cir. 1996) ...........................................................8

Hodel v. Virginia Surface Mining and Reclamation Assoc.,
452 US 264, 299 (1981) ........................................................................................................7

Hunt v. Cromartie, 526 U.S. 541, 552 (1999) .......................................................................3

King v. Crossland Savings Bank, 111 F.3d 251 (2d Cir. 1997) ......................................... 10

Klein v. USA, 167 F.Supp. 410 (USDC/ED 1958) ............................................................. 11

LOA v. The City of New York, et al.,
USDC/SDNY, Docket No. 99 Civ 9568 (LAK) ............................................................5,6,13

Monell v. Dept. of Soc. Servs., 436 US 658 (1978) .............................................................13

Newman v. Burgin, 930 F.2d 955 (1st Cir. 1991) ............................................................... 12

Richardson v. Selsky, 5 F.3d 616, 621 (2d Cir. 1993) ...........................................................3

Rule v. Brine, Inc., 85 F.3d 1002, 1011, (2d Cir. 1996) ........................................................3

SCS Communications Inc. v. Herrick Co, Inc.,
360 F.3d 329, 338 (2d Cir. 2004) ..........................................................................................2

Security Ins. Co. of Hartford v. Old Dominion
Freight Line, Inc., 391 F3d 77, 83 (2d Cir. 2004) .................................................................3

Tester v. City of New York, 1997 WL 81662 (SDNY 1997) ................................................4

Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999) .................................................................9

Zinermon v. Burch, 494 US 113, 126, 110 S.Ct. 975 (1990) ...............................................8


**Statutes**                                                                                              **Page**


Fed.R.Civ.P. 56 (c) ........................................................................................................2

42 U.S.C. § 1983..............................................................................................1,8,11,13

42 U.S.C. § 1985..................................................................................................1,8,9

## NATURE OF ACTION

In the instant action, plaintiff maintains that defendants conspired to violate plaintiff's constitutional rights by intentionally violating his rights to an attorney and union representation once he requested same while being interrogated by FBI Agent Hosey and the individual defendants, causing him to be unjustly punished and disciplined without justification right or authority and was falsely imprisoned when he was surrounded by the defendants and FBI in front of his home and then taken to Yankee Stadium and IAB offices in approximately a 10-12 hour time span, while defendants knew that he was a subject to an investigation (See Declaration of FRANCIS TERAN, paragraphs 11, 12, 14 and 15 attached to Defendants' motion papers; Exhibit "5" and Trial Room transcript testimony of TERAN attached as Exhibit "6" pp.195-199, 207) in violation of 42 U.S.C. § 1983 in retaliation for plaintiff having refused to assist defendants and the FBI in their investigation of Det. Julio Vasquez and Luis Nieves-Diaz on July 8, 2004. These actions by the defendants are part of plaintiff's § 1983 claim for exercising his constitutional rights protected under the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution.

Plaintiff also maintains that defendants conspired to violate his constitutional rights pursuant to 42 U.S.C. § 1985 by implementing, directing and/or participating in a plan to fabricate, exaggerate and manufacture evidence with the intent of causing plaintiff to be falsely and maliciously prosecuted at a departmental trial in February 2005 on five charges and specifications of which he was found guilty on only two and was issued a penalty of the loss of twenty vacation days and unjustly remained on modified duty up until the time of his retirement in August of 2006. Plaintiff also claims that the defendants retaliated against him by denying plaintiff due process pursuant, but not limited to, the Patrol Guide 206-13.

1

## STATEMENT OF FACTS

With reference to the procedural and factual history of this matter, plaintiff respectfully directs this Honorable Court to his Rule 56.1 Statement of Facts submitted herewith.

It is respectfully submitted that plaintiff has raised a genuine issue as to material facts with respect to all counts alleged in the within action, and therefore, plaintiff is entitled to have defendants' Summary Judgment Motion denied and have this matter proceed to a trial by jury. For the reasons set forth in the argument below, defendants have failed to establish that there are no disputed genuine issues of fact that would require a jury to decide. As such, it is most respectfully submitted that defendants' Motion for Summary Judgment should be denied in its entirety.

## ARGUMENT

### POINT I

### DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT

**A.    Standard of Proof on Summary Judgment**

Pursuant to Rule 56, Summary Judgment may be granted only if there is no genuine issue of material fact <u>and</u> the moving party is entitled to judgment as a matter of law. To grant the motion, the court must determine that there is no genuine issue of material fact to be tried. <u>See</u> Fed.R.Civ.P. 56 (c); <u>Celotex Corp. v. Catrett</u>, 477 US 317, 322-23 (1986); <u>SCS Communications Inc. v. Herrick Co, Inc.</u>, 360 F.3d 329, 338 (2d Cir. 2004). In ruling on a motion for summary judgment, the Court must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party. Fed.R.Civ.P. 56(c). <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255

1986). A genuine factual issue derives from the "evidence [being] such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The Supreme Court directs that "all that is required [from a nonmoving party] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank of Ariz v. Cities Serv. Co., 391 U.S. 253, 288-89, 88 S.Ct. 1968); Hunt v. Cromartie, 526 U.S. 541, 552 (1999). If " 'as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F3d 77, 83 (2d Cir. 2004) (quoting Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996)).

It is well settled that "[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997). The moving party has the burden of showing that there are no material facts in dispute, and the Court must resolve all ambiguities and draw all reasonable inferences in favor of the party opposing the motion. Bickhardt v. Ratner, 871 F.Supp. 613 (SDNY 1994); Richardson v. Selsky, 5 F.3d 616, 621 (2d Cir. 1993); and Rule v. Brine, Inc., 85 F.3d 1002, 1011, (2d Cir. 1996). In the matter before this Court, there is a voluminous amount of conflicting versions of events which require a jury to hear and decide on the validity and credibility placed on each relevant factual allegation. Greater caution must be exercised in granting summary judgment in employment cases where the employer's intent is genuinely in issue, as in the case before this Court. Belfi v. Predergast, 191 F3d. 129, 135 (2$^d$ Cir. 1999). "[e]mployers are rarely so cooperative as to include a notation in

3

the personnel file that the [action complained of] is for a reason expressly forbidden by law. Bickerstaff v. Vassar College, 196 F.3d 435, 448 (2d Cir. 1999)

## POINT II

### DISCIPLINARY ACTIONS AGAINST THE PLAINTIFF BY THE DEFENDANTS VIOLATED HIS EQUAL PROTECTION AND DUE PROCESS RIGHTS

A.   Plaintiff has established a violation of the Equal Protection Clause

The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Tester v. City of New York, 1997 WL 81662 (SDNY 1997). The right to equal protection also extends to individuals who allege disparate treatment based upon ill-will or without rational basis. Harlen Assocs. v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001). Similarity is generally a factual issue for a jury. Harlen at 499 n.2. In addition to showing similarity, plaintiff must also show either that the disparate treatment: (1) was based upon "impermissible considerations," including the "malicious or bad faith intent to injure," or (2) was wholly irrational or arbitrary. Harlen, at 500; Bizzaro v. Miranda, 394 F.3d 82, 86 (2d Cir. 2005); Buonanotte v. Noonan, et al., 534 F.Supp.2d 385 (2008). To maintain a claim for equal protection a plaintiff "must come forward with at least some credible evidence that the action of the individual [defendants] were motivated by racial animus or ill-will". Grillo v. New York City Transit Authority, 291 F.3d 231, 234 (2d Cir. 2002)

A trier of fact could reasonably conclude that race played a role in the defendants' conduct towards plaintiff by refusing to acknowledge his right to an attorney and union

4

representation while being questioned as a subject in an FBI/NYPD investigation and in defendants' determination to unjustly retaliate against the plaintiff for his legal right to refuse to place a phone call to Det. Diaz. Defendant CITY OF NEW YORK has a past practice and policy of issuing discriminatory discipline against Hispanic police officers within the NYPD as documented in the Class Action lawsuit of LOA v. The City of New York, et al.

Defendants undermined plaintiff's right to due process and denied him equal protection of the laws during the sham interrogations (July 8, 2004 and September 7, 2004) and departmental trial proceedings initiated against him. They knowingly conspired to place plaintiff on modified assignment by intentionally creating a false allegation of a domestic violence complaint, use certain portions of departmental procedures to attempt to get him terminated and deprive him of all the benefits of his employment as a police detective. This was done in further retaliation for plaintiff's friendship with Detective Diaz and plaintiff's exercising his right to refuse to assist the FBI and IAB in an investigation. Plaintiff remained on modified duty up until the time of his retirement in August of 2006 causing him to suffer economic damages and embarrassment and humiliation in the presence of his co-workers in Group 51, who were aware that he was doing administrative work rather than going out into the field.

Plaintiff has also shown that he was treated differently than other similarly situated individuals as a result of his race. See Crowley v. Courville, 76 F.3d 47, 52-53 (2d Cir. 1996). Other IAB officers have admitted to going on to IAB computer database for curiosity reasons and to see what is "going on in the IAB world" who were not Hispanic and were not disciplined by the defendants. (See Dones Declaration and Plaintiff's Counter 56.1 Statement). There is ample evidence that could support a conclusion that race played a role in the defendants' determination of how to deal with plaintiff's refusal to assist the FBI and IAB in their

investigation and plaintiff exercising his right to demand an attorney while being interrogated as a subject in defendants' investigation. The facts establish to the trier of facts that the defendants took disciplinary action against the plaintiff and not against other Caucasian IAB officers as a result of the fact that the plaintiff and the other officers were of different races.

Plaintiff also asserts that he was treated differently because he was a minority when compared to other similarly situated police officers. Sgt. Gregory Garland and Det. Michael Clohossy both admitted to going on IAB computer system to look at IAB files to which they were not assigned for curiosity's sake or to see what may be relevant to their unit. In fact, Sgt. Garland admitted to logging into IAB computer system for curiosity purposes to read the file on Det. Julio Vasquez. (See Exhibit "6", Trial Room Testimonies of Clohossy and Garland, p.49 and pp. 77-78, 89-90). Plaintiff also cites to the defendant CITY OF NEW YORK's past practices to indicate a race based approach to hand out discipline to police officers in the matter of LOA v. The City of New York, et al., *supra*. Plaintiff has submitted enough facts to establish that the conduct of the defendants was based upon malicious and arbitrary treatment by showing a disparate treatment coupled with a showing of ill-will and irrational official action. Buonanotte at 394.

Therefore, plaintiff has offered evidence that does raise an issue concerning his right to equal protection.

B.  Plaintiff's Due Process rights were violated by the defendants

The Fourteenth Amendment of the US Constitution under the Due Process clause disallows a municipality and its employees from depriving someone of their property interest without affording them the opportunity to be heard prior to the deprivation of said interest. See

6

Hodel v. Virginia Surface Mining and Reclamation Assoc., 452 US 264, 299 (1981). Plaintiff was deprived of his procedural and substantive due process rights in violation of 42 U.S.C. § 1983 when the defendants removed him from performing his job as an investigator for IAB Group 51 and placed him on modified assignment (answering telephones) on July 8, 2004 without having a legitimate and real cause for said disciplinary action against the plaintiff, i.e., fabrication of a domestic violence complaint. At no time was there ever any true investigation conducted by the NYPD in regards to this alleged domestic violence complaint concocted by the defendants in order to unjustly punish plaintiff, nor has the NYPD ever substantiated a complaint of domestic violence against the plaintiff up to the time of plaintiff's retirement in August of 2006. See Bernheim v. Litt, 79 F.3d 318, 323 (2d Cir. 1996). In order to have an interest protectable under the Constitution, a person must have a legitimate claim of entitlement to it. Abramson v. Pataki, 278 F.3d 93, 99 (2d Cir. 2002). Such a constitutionally protectable property interest is typically established by a showing that under the provisions of a statute or collective bargaining agreement, the employee cannot be disciplined without a hearing and only upon a showing of cause. Cruz v. New York City Housing Authority, et al., not reported in F.Supp.2d, 2004 WL 1970143; Ciambriello v. County of Nassau, 292 F.3d 307, 313-14 (2d Cir. 2002). In the matter before this Court, plaintiff clearly was issued what is equivalent to a demotion by being placed on modified assignment by defendant SCOLLAN when he created a fictitious excuse to place Mr. DONES on modified assignment and continue to remain on modified assignment from July 7, 2004 up until August of 2006 without ever being entitled to a hearing or an investigation into the matter, and plaintiff was denied his constitutional and contractual rights to union representation and an attorney pursuant to the Collective Bargaining Agreement once plaintiff was questioned by the defendants and FBI agent on July 8, 2004.

Plaintiff's deprivations in allowing him to perform his job as a detective for Group 51 was done without due process of law. NYPD provided no, let alone adequate process, when it falsified and created a bogus excuse to place plaintiff on modified assignment without ever removing him from said assignment up until the time of his retirement resulting in humiliation and economic damages. See Zinermon v. Burch, 494 US 113, 126, 110 S.Ct. 975 (1990). The availability of post deprivation procedures will not, *ipso facto*, satisfy due process Hellenic American Neighborhood Action Committee v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996).

## POINT III

## MULTIPLE ENTITIES CONSPIRED TO DEPRIVE THE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS

Defendants claim as a matter of law that because the individual defendants were all police officers employed by the City of New York that a conspiracy among them cannot occur, as they are part of a single entity.

Plaintiff claims that the defendants deprived him of his constitutional rights *inter alia* by falsely imprisoning him, denying his right to union representation and an attorney and because he refused to assist the defendants and FBI, he was arbitrarily and with ill-will fraudulently placed on modified assignment for over two years (July 2004 through August 2006) and was issued five Charges and Specs of which three were dismissed in their entirety and two he was found guilty of, despite the fact that other police officers had committed the same act and were never disciplined. Since the conspirators were not all of a single entity, plaintiff's conspiracy claims under §§ 1983 and 1985 must survive.

8

To state a cause of action under § 1985(3), Plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999). A conspiracy "need not be shown by proof of an explicit agreement, but can be established by showing that the parties have a tacit understanding to carry out the prohibited conduct." Thomas, at 146. "[T]here must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

It is well settled that in order to prove a civil conspiracy, a Plaintiff is not required to provide direct evidence of the agreement among the conspirators. Hampton v. Hanrahan, 600 F.2d 600, 620-624 (7th Cir. 1979). Indeed, absent a co-conspirator's testimony, it is unlikely a direct evidence of such an agreement will exist. Accordingly, circumstantial evidence provided adequate proof of a conspiracy. "In order to survive a motion to dismiss on a § 1983 conspiracy claim, the plaintiff must allege (1) an agreement between two or more state actors, (2) concerted acts to inflict an unconstitutional injury, and (3) an overt act in furtherance of the goal." Ciambriello, at 324-35. "A plaintiff is not required to list the place and date of defendants meetings and the summary of their conversations when he pleads conspiracy, but the pleadings must present facts tending to show agreement and concerted action." Fisk v. Letterman, 401 F.Supp.2d 362, 376 (S.D.N.Y. 2005).

Evidence of the conspiracy involving the FBI and the NYPD is contained in the testimony of defendant TERAN. (See TERAN Declaration paragraphs 14-18, 22-24, Exhibit "6" pp.195-199, 207).

It is respectfully submitted that there is sufficient evidence of the conspiracy claims to warrant a trial. There was a conspiracy to deprive the plaintiff of his right to liberty and be free from false imprisonment, have an attorney present during his interrogation by the defendants and the FBI on July 8, 2004 and not to have false complaints concocted in order to wrongfully punish him. The filing of false allegations of domestic violence, placing plaintiff on administrative assignment for over two years causing humiliation and embarrassment and economic loss and the filing of false charges causing plaintiff to go through a departmental trial while defendants were aware that other police officers were accessing the IAB computer files for their own curiosity were malicious and willful overt acts in furtherance of the conspiracy resulting in emotional and economic injuries.

## POINT IV

### PLAINTIFF WAS FALSELY IMPRISONED

To prove false imprisonment under New York Law, plaintiff must show that defendant intended to confine plaintiff, that plaintiff was aware of confinement, that plaintiff did not consent to confinement and that confinement was not otherwise privileged. King v. Crossland Savings Bank, 111 F.3d 251 (2d Cir. 1997).

Here the Plaintiff was in fact falsely imprisoned without probable cause when he was surrounded by FBI Agent Hosey and the individual defendants at his home at approximately 6:30-

7:00 a.m. He was told to go with them to Yankee Stadium and then was transported to Group 52, where he remained until approximately 5:00 p.m. During said time, plaintiff had requested to leave and go to the 48th Precinct to speak to his union delegate and call an attorney but was denied by defendant SCOLLAN; plaintiff was followed by one of the defendants every time he tried to use the restroom while at Group 52. Also, plaintiff was not permitted to speak to anyone, including his union delegate and union attorney, except for calling his immediate supervisor to advise him that he was not coming to work that day. During this approximately 11-hour ordeal, plaintiff's weapon was removed from him and he was not given anything to eat. In Klein v. USA, 167 F.Supp. 410 (USDC/ED 1958) the Court stated that false imprisonment means wrongful detention. Clearly, what occurred to the plaintiff on July 8, 2004 was an infringement on his freedom.

Based on the events of July 8, 2004, a trier of fact can easily find that the defendants confined plaintiff or intended to confine plaintiff. Defendants wanted the plaintiff to make a phone call to Det. Diaz and kept him isolated for over 11 hours without any communication with anyone except for a phone call to his immediate supervisor to inform him that he was not coming to work that day. He was deprived of any food; his gun was removed from his person and he was escorted whenever he left the room he was placed in at Group 52 in order to use the restroom.

The fair preponderance of the credible evidence will procure the trier of facts to find in favor of the plaintiff for being unlawfully restrained against his will and wrongfully detained.

## POINT V

### DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

An officer performing discretionary functions has qualified immunity from damages liability under Section 1983, so long as his or her conduct conforms to what a reasonable official

would have believed lawful in light of clearly established law and the information possessed by the particular official at the time of the challenged conduct. Newman v. Burgin, 930 F.2d 955 (1st Cir. 1991); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Anderson v. Creighton, 483 U.S. 635, 640 (1987).

In Harlow the Supreme Court made disposition of the immunity defense difficult at the summary judgment stage. Harlow at 815-818. Under Harlow, the inquiry became objective: where the official violated "clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.* at 818.

The right not to be falsely imprisoned is a clearly established right. Cook v. Sheldon, 41F.3d 73, 78 (2nd Cir. 1994). In Cook, the Court declared, "it is now far too late in our constitutional history to deny that a person has a clearly established right not to be arrested without probable cause." It should be noted that the elements of a false arrest and false imprisonment are identical. This Court must also determine whether, taken in the light most favorable to the plaintiff, the facts alleged show a violated of the Plaintiff's statutory and/or constitutional rights. As previously stated being wrongfully restrained and falsely imprisoned is clearly a violation of an established right. The Defendants involved should not be shielded by qualified immunity from the consequences of their wrongful acts. Defendants were well aware that plaintiff was considered a subject of interest based on the information they received from their colleagues at the FBI as early as December 2003. The evidence clearly establishes and defendants were well aware of the lack of any credible evidence involving plaintiff with Detectives Vasquez and Nieves-Diaz other than the fact that he knew them from his prior assignments throughout his twenty years with the NYPD.

## POINT VI

## PLAINTIFF HAS A BASIS TO
## ESTABLISH MUNICIPAL LIABILITY

Plaintiff has established a constitutional injury. His false imprisonment, denial of union representation and attorney, placement on modified duty for over two years, suspension, the filing of charges and specifications and ultimately being found not guilty on three of the five charges and given a twenty day lost vacation penalty, was driven by personal animus and in retaliation for his legal refusal to assist the FBI and the defendants in their investigations of Detectives Vasquez and Nieves-Diaz. The plaintiff was disparately treated when compared to similarly situated officers in regards to the handing out of discipline in this matter. It is clear that the NYPD did not have adequate policies in place to protect the plaintiff. The LOA v. The City of New York class action lawsuit clearly established the inadequacy and lack of policies which protect minority officers from being discriminatorily disciplined.

A Municipality can be found liable under §1983 where the Municipality itself causes the constitutional violation at issue. Monell v. Dept. of Soc. Servs., 436 US 658 (1978). To hold the City of New York liable under §1983 for the unconstitutional actions of its employees, the plaintiff is required to prove (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983). The LOA class action lawsuit contained thousands of examples of minority police officers whose constitutional rights were violated because of the unfair and disproportionate forms of discipline handed out to the Hispanic officers when compared to Caucasian officers. As

13

a result of said lawsuit, the City of New York paid out over $20,000,000 and established new policies and procedures to correct their prior policies regarding the issuance of discipline.

The policies and practice of the City of New York with respect to the organization and staffing of the Internal Affairs Bureau fostered an atmosphere of deliberate indifference which led to the unlawful imprisonment and the resulting treatment of the plaintiff.

## CONCLUSION

It is respectfully requested that the motion for summary judgment be denied in all respects for the reasons detailed herein and that the plaintiff be granted such other and further relief as this Court deems just and proper.

Dated: Lake Success, New York
      May 6, 2008

                        Respectfully submitted,

                        CRONIN & BYCZEK, LLP

                        By: _____
                        ROCCO G. AVALLONE (RA 8055 )
                        Attorneys for Plaintiff,
                        LISSANDER DONES
                        1983 Marcus Avenue  - Suite C-120
                        Lake Success, New York 11042