```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X

LISSANDER DONES,

                    Plaintiff,            DECLARATION OF
                                          LISSANDER DONES
      -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER  07 CV 3085 (SAS)
RAYMOND KELLY, in his official capacity,
SERGEANT FRANK TERAN, in his official and
individual capacity, CAPTAIN THOMAS SCOLLAN,
in his official and Individual Capacity,
et al.,

                    Defendants.

---------------------------------------------X
```

LISSANDER DONES, declares that the following is true and correct under penalty of perjury and pursuant to 28 U.S.C. §1746:

1. I was employed with the New York City Police Department from 1985 to August 2006. I became a Detective with the NYPD in 1991. I am a male Hispanic and as such am a member of a protected class pursuant to the U.S. Constitution.

2. I knew Julio Vasquez based on my assignment at the Manhattan Narcotics Unit. In 1995 I was transferred to the Internal Affairs Bureau Group 52. On or about 2001, I was transferred to IAB Group 51. As a result, I had minimal contact with Julio Vasquez since 1995 and last spoke with him in either

2001 or 2002, prior to Vasquez being arrested on November 27, 2003.

3. I know Detective Luis Nieves-Diaz as a result of my assignment at the Manhattan Narcotics Unit. Mr. Diaz was a colleague of mine, and I remained in contact with him after I was transferred to Group 51. I did speak to Mr. Diaz some time in 2003 regarding Julio Vasquez based on information that I had obtained from reading newspaper articles and IAB office conversations regarding Vasquez's arrest.

4. At no time have I ever divulged any sensitive, privileged and/or pertinent information to Mr. Diaz or any other NYPD personnel regarding any IAB/FBI investigation.

5. On November 28, 2003, I did not access IAB computer records regarding Vasquez, Diaz or any other police officer in the NYPD in regards to IAB/FBI drug trafficking investigation. In fact, I was not even in the Group 51 office since I was off on said day, and all witnesses at an Administrative hearing pursuant to 206-13 of the Patrol Guide testified that I was not in the office on November 28, 2003.

6. On July 8, 2004, I became aware that I was the subject of a formal investigation by IAB when I was interrogated by an FBI Agent and defendants in front of my home and I was not free to leave. I immediately informed the defendants that I wanted to leave to go to the 48th Precinct to contact my Union

Delegate and obtain Union attorney. Said request to leave to go to the 48th Precinct was denied by Defendant SCOLLAN in violation of my constitutional rights and Patrol Guide Regulations Procedure Number 206-13 (See Exhibit "5").

7. I was placed on modified assignment by defendant SCOLLAN pursuant to a fabricated domestic violence complaint after my refusal to assist the defendants and FBI. I was not married nor was I residing with anyone at the time. No one has ever filed a domestic violence complaint against me.

8. Other IAB personnel have admitted to going on to the IAB computer and review logs and records of Det. Vasquez but were never disciplined in 2003. (See Garland Testimony, Exhibit "6" pp. 78-80).

9. After being subjected to interrogation pursuant to 206-13 of the Patrol Guide, I was suspended without pay based on discriminatory disciplinary actions taken against me by the defendants in a similar matter as was adjudicated and litigated in the LOA v. City of New York class action lawsuit, USDC/SDNY, Docket No. 99 Civ 9568 (LAK).

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   May 6, 2008
         Hollywood, Florida

_____
LISSANDER DONES