07 Civ. 3085 (SAS) (GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISSANDER DONES,

                                              Plaintiff,

                    -against-

THE CITY OF NEW YORK, et al.,

                                              Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-140
New York, NY 10007-2601

*Of Counsel:*  Carolyn Walker-Diallo
*Tel:*  (212) 788-0868

Law Dep't No. 2007-014884

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ...................................................................................................................... 2

       POINT I ...................................................................................................................... 2

             PLAINTIFF CANNOT MAKE OUT A
             VIOLATION OF THE DUE PROCESS AND
             EQUAL PROTECTION CLAUSES OF THE
             FOURTEENTH AMENDMENT. ............................................................. 2

               A.   Equal Protection. ............................................................................. 2

               B.   Due Process. .................................................................................... 5

               C.   Monell Claim. ................................................................................. 6

       POINT II ..................................................................................................................... 7

             PLAINTIFF FAILS TO ESTABLISH A
             CONSPIRACY PURSUANT TO 42 U.S.C. §
             1985(3). ............................................................................................. 7

       POINT III .................................................................................................................... 9

             DEFENDANTS ARE ENTITLED TO
             QUALIFIED IMMUNITY. .................................................................... 9

       POINT IV .................................................................................................................... 9

             PLAINTIFF'S FALSE IMPRISONMENT CLAIM
             ALSO FAILS. ...................................................................................... 9

CONCLUSION ................................................................................................................. 10

## TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                          <u>**Pages**</u>

Arrington v. Liz Claiborne, Inc.,
     260 A.D.2d. 267, 688 N.Y.S. 2d 544 (1st Dep't 1999) ..................................................9

Cellamare v. Millbank, Tweed, Hadley & McCloy, LLP, et al.,
     2003 U.S. Dist. LEXIS 22336 (E.D.N.Y. Dec. 2, 2003) ...........................................10

Castellano v. City of New York,
     142 F.3d 58 (2d Cir. 1998),
     cert. denied, 525 U.S. 922 (1998) ..............................................................................10

Dwares v. City of New York,
     985 F.2d 94 (2d Cir. 1993)............................................................................................7

Harvey v. New York City Police Department,
     1997 U.S. Dist. LEXIS 7657 (S.D.N.Y. June 3, 1997)............................................2, 7

Hayes v. New York City Departmetn of Corrections,
     84 F.3d 614 (2d Cir. 1996)............................................................................................9

Hellenic v. American Neighborhood Action Committee v. City of New York,
     101 F.3d 877 (2d Cir. 1986)..........................................................................................4

Latino Officers Association v. City of New York,
     99 Civ. 9568 (LAK) ......................................................................................................6

Mazzella v. RCA Global Communications, Inc.,
     642 F. Supp. 1531 (S.D.N.Y. 1986),
     aff'd, 814 F.2d 653 (2d Cir. 1987) ...............................................................................3

McCullough v. Wyandanch Union Free Sch. Dist,
     187 F.3d 272 (2d Cir. 1999)..........................................................................................6

Parratt v. Taylor,
     451 U.S. 527 (1981)......................................................................................................4

Shumway v. United Parcel Serv., Inc.,
     118 F.3d 60 (2d Cir. 1997)............................................................................................3

United States v. Vita,
     294 F.3d 524 (2d Cir. 1961)..........................................................................................8

**Pages**

**Statutes**

28 U.S.C. § 1367 (c)(3).................................................................................................10

U.S. Const. amend. IV .............................................................................................1, 8

U.S. Const. amend. V...............................................................................................1, 8

U.S. Const. amend. XIV, § 1 .................................................................................1, 2, 5

42 U.S.C. § 1983.....................................................................................................1, 7

42 U.S.C. § 1985.....................................................................................................1, 7

## PRELIMINARY STATEMENT

Defendants, the City of New York, Police Commissioner Raymond Kelly, Thomas Scollan, Francis Teran, Julius Morton and Ronald Mejia, ("Defendants") respectfully submit this memorandum of law in further support of their motion for summary judgment made on the grounds that plaintiff cannot state a violation of the Due Process or the Equal Protection Clauses, the Fifth Amendment, nor can plaintiff establish that Defendants had a custom, policy or practice of discriminating against police officers who allegedly refused to assist the New York City Police Department ("NYPD") in an official investigation.

As set herein, and in defendants' response to plaintiff's Counter 56.1 statement, plaintiff's opposition papers fail to raise a disputed triable issue of material fact with respect to any of his claims. Plaintiff does not include any affidavits, supporting statements or documents to support his claim that Defendants violated his constitutional rights. Rather, plaintiff continues to baldly assert, without documentary evidence, that his constitutional rights were violated when the NYPD and the FBI spoke with plaintiff concerning his communication with police officers who were suspected of illegal activities and because he was later placed on modified duty. Such assertions are insufficient to defeat defendants' summary judgment.

Plaintiff's Section 1985(3) conspiracy claims also fails because the record is devoid of any evidence that the FBI and the NYPD conspired to deprive plaintiff of any constitutional right. Moreover, plaintiff's attempt to raise new claim Fourth Amendment and Section 1983 race, retaliation and conspiracy claims in opposition to defendants' motion for summary judgment must be denied by the Court as improper. As such, Defendants' motion for Summary Judgment should be granted in its entirety.

## ARGUMENT

### POINT I

**PLAINTIFF CANNOT ESTABLISH A VIOLATION OF THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE FOURTEENTH AMENDMENT.**

**A.    Equal Protection**

Plaintiff's opposition papers fail to rebut defendants' assertion that he was not treated differently than similarly situated individuals outside his protected class. In an attempt to bolster his claims, plaintiff alleges for the first time in opposition to defendants' motion for summary judgment that he was treated differently than three non-Hispanic police officers on account of his race. See Plaintiff's Counter 56.1 Statement ¶¶ 79, 82. Specifically, plaintiff alleges that he was disciplined and found guilty of accessing confidential computer records concerning the drug trafficking investigation because he is Hispanic, while three non-Hispanic officers, who allegedly accessed the same computer records, were not disciplined. See id. First, plaintiff's complaint is devoid of any allegation that he was discriminated against or treated differently than similarly situated individuals on account of his race. Nor did plaintiff seek to amend his complaint to add a new race claim. Thus, plaintiff cannot raise new claims after the close of discovery and in opposition to defendants' motion for summary judgment. See Harvey v. New York City Police Department, 1997 U.S. Dist. LEXIS 7657 (S.D.N.Y. June 3, 1997).

Further, in his opposition papers, plaintiff admits that the alleged constitutional violations *were not* the result of racial discriminatory animus. In Paragraphs 47 and 48 of Plaintiff's Counter 56.1 Statement, plaintiff admits that he was placed on modified duty *because* he refused to assist the NYPD and the FBI in placing a call to his friend, Det. Nieves-Diaz. (emphasis added); See also ¶ 68. Thus, plaintiff has clearly stated his belief that the actions he

complains of were taken *because* of his failure to cooperate with the NYPD and not due to his race.

Moreover, while plaintiff complains that that he was questioned without benefit of an attorney and improperly placed on modified duty, there is no evidence that defendants provided non-Hispanic police officers with union representation and a lawyer when being "questioned as a subject in an FBI/NYPD investigation," or prior to being placed on modified duty, while Hispanics were not afforded such representation. Thus, plaintiff's opposition papers fail to support his new claims of race discrimination nor has plaintiff demonstrated that defendants' alleged actions were malicious or done with bad faith intent to injure him.

Even if plaintiff's race claims were viable, plaintiff fails to demonstrate that he engaged in the same conduct of similarly situated individuals outside of his protected characteristic and that he was disciplined as a result of the conduct and they were not. To be similarly situated, one must be similarly situated in all aspects, including conduct. See Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 64 (2d Cir. 1997); Mazzella v. RCA Global Communications, Inc., 642 F. Supp. 1531, 1547 (S.D.N.Y. 1986) (citation omitted), aff'd, 814 F.2d 653 (2d Cir. 1987) (finding that in order to be similarly situated, individuals must also have engaged in conduct similar to the plaintiff).

In plaintiff's opposition papers, plaintiff asserts that Sgt. Garland, Det. Clohessy and Det. Mantz accessed computer files "out of curiosity" but were not disciplined. Plaintiff's Counter 56.1 Statement ¶¶ 79, 82. However, a reading of the cited hearing transcripts demonstrates that contrary to plaintiff's representations to the Court, Det. Chlossey, and Det. Mantz did not access confidential computer records "out of curiosity." During plaintiff's departmental hearing, Det. Clohessy testified that he "[r]arely, if ever" used his access code

number to access the records of other IAB Groups.  See Exhibit "5," page 4, to the Declaration

of Rocco Avallone ("Avallone Decl.")  At an official departmental interview, Det. Mantz

testified that as part of his duties, he is required to look at every computer log that is related to

his group. See Exhibit "7," page 10 to the Avallone Decl.  He also testified that he accessed

computer logs pertaining to former Det. Thomas Rachko, who was a subject of the investigation,

because he was involved in the corruption investigation.  See id.  Thus, there is no evidence in

the record that Det. Chlossey or Det. Mantz accessed computer records "out of curiosity" [1] and

that their failure to be disciplined is evidence of discrimination.

While Sgt. Garland testified that he viewed computer logs concerning Det.

Vasquez, there is no evidence that Sgt. Garland was friends with Det. Vasquez, like plaintiff, nor

is there any evidence that Sgt. Garland contacted Det. Nieves-Diaz, who was also the subject of

an NYPD investigation, concerning the Vasquez arrest around the same time that Vasquez was

arrested.  Thus, plaintiff is not similarly situated to Sgt. Garland and any claim that his equal

protection rights were violated is without merit.  As plaintiff has not presented any evidence his

questioning  on July 8, 2004, his placement on modified duty and the service of charges and

specifications were done on account of his race, or in bad faith or malicious intent to injure,

---

[1] At his departmental hearing, plaintiff was found guilty before an Administrative Law Judge of among
other things, accessing computer files on the investigation.  Thus, any attempt by plaintiff to re-litigate or
appeal the decision should have been done in an Article 78 proceeding, not in federal court.  See Hellenic
v. American Neighborhood Action Committee v. City of New York, 101 F.3d 877 (2d Cir. 1986).
Moreover, plaintiff has not demonstrated that the defendants actions were committed in furtherance of an
established state procedure rather than "unauthorized and random" failure of state actors to follow state-
established procedure.  Thus, pursuant to the Supreme Court's decision in Parratt v. Taylor, 451 U.S. 527
(1981), plaintiff has failed to demonstrate nor has plaintiff alleged that his departmental hearing did not
provide him with his constitutionally protected due process rights.

plaintiff's conclusory allegations are not sufficient to defeat defendants' summary judgment motion and his claim must be dismissed.

**B.    Due Process.**

Plaintiff's opposition papers fail to rebut Defendants' assertion that his liberty or property interests were not violated as matter of law. Plaintiff asserts, without citing to any case law or statutory support, that his due process rights were violated when the FBI and the NYPD spoke with him concerning his contacts with Det. Nieves-Diaz without an attorney and union representative present and that he was placed on modified duty without having a "legitimate and real cause for said disciplinary action against the plaintiff." See Pl. Opp. Br. at page 7. However, plaintiff fails to realize that pursuant to Section 206-07 of the NYPD Patrol Guide, the NYPD had the authority to place him on modified duty when deemed necessary. See Exhibit "12" to the Supplemental Declaration of Carolyn Walker-Diallo, dated May 27, 2008 ("Suppl. Walker-Diallo Decl."). At the time that plaintiff was placed on modified duty, defendants were aware that plaintiff had accessed confidential computer logs. See the Declaration of Francis X. Teran ("Teran Decl.) Plaintiff admits that on or about September 7, 2004, plaintiff was questioned at a departmental interview concerning his actions, participated in a departmental hearing, with the advice and consultation of his union and an attorney, and was found guilty of, among other things, inappropriately accessing the computer records. See Plaintiff's 56.1 Counter Statement, ¶¶ 34, 39. This is an end to plaintiff's case.

Moreover, plaintiff's claim that his placement on modified duty was "equivalent" to a demotion because he was not allowed to work overtime or work outside of the office is also without merit. See Pl. Opp. Br. at 7. As cited in defendants' moving papers, overtime pay does not constitute a deprivation of a property interest. See Def. Br. at 4. Nor does placement on

modified duty pending the resolution of anticipated charges constituted a deprivation of a property interest. Plaintiff has not presented any evidence to negate this assertion.

Plaintiff has also failed to demonstrate how his liberty interests were violated by the alleged designation that he was placed on modified duty as a result of a "domestic incident." The record is devoid of any evidence, nor has plaintiff presented any affidavits or declarations, that the information was disseminated to anyone outside of the NYPD. [2] Moreover, plaintiff has presented no evidence that he was disciplined as a result of a "domestic incident" or that it has affected his post-retirement employment options. As such, plaintiff fails to establish a liberty interest violation under the "stigma plus test," and such claims must also be dismissed. See McCullough v. Wyandanch Union Free Sch. Dist, 187 F.3d 272, 280-1 (2d Cir. 1999).

## C.    Monell Claim.

The record is devoid of any evidence that there exists a custom, policy or practice that discriminates against individuals of any race or Hispanics, who allegedly refuse to participate in official departmental investigations. Nor has plaintiff established a custom, policy or practice of refusing Hispanic officers, who are allegedly the subject of an official FBI/NYPD investigation with union representation and an attorney. In his opposition papers, plaintiff asserts, without any evidence or support that "[d]efendants have a past practice of discriminating and retaliating against Hispanic police officers by issuing discriminatory discipline." See Plaintiff's Counter 56.1 Statement, ¶ 87.[3]    First, such a claim does not support plaintiff's

---

[2] Furthermore, there is no evidence in the record that the NYPD must inform plaintiff of the reasons for his placement on modified duty prior to the service of charges and specifications.

[3] Plaintiff's purported reliance on a class action which was settled by the parties in Latino Officers Association v. City of New York, et al., 99 Civ. 9568 (LAK) is without merit as defendants did not admit Continued...

assertion that he was allegedly denied union representation and an attorney while being questioned outside of his home as he had not yet been disciplined. Second, as aptly noted by the Second Circuit, "[t]he mere assertion, however, that a municipality has such a custom or policy is insufficient [to state a claim] in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993). Plaintiff's complaint and the record before this court consists solely of allegations of his individual claims, none of which are sufficient to give rise to the inference of a policy, custom or practice. Id. ("A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy.") Thus, plaintiff's Monell claim must be dismissed.

## POINT II

### PLAINTIFF FAILS TO ESTABLISH A CONSPIRACY PURSUANT TO 42 U.S.C. § 1985(3).

As an initial matter, defendants note that plaintiff's opposition papers attempt to raise for the first time a new conspiracy claims under 42 U.S.C. § 1983. As plaintiff failed to properly plead this claim in his complaint and failed to amend the complaint to add this new cause of action, such a claim is improper and must not be considered by the Court. See Harvey, 1997 U.S. Dist. LEXIS 7657 (S.D.N.Y. June 3, 1997).[4] Concerning plaintiff's Section 1985(3) claims, plaintiff fails to provide any evidence to support his conclusory assertion that the FBI and

---

any liability or wrongful actions as part of settlement. As such, plaintiff's reliance on the fact that the parties settled the matter is disingenuous, at best.

[4] In addition, plaintiff's attempt to raise new Section 1983 retaliation claims in opposition to defendants' summary judgment motion must also be dismissed.

the NYPD conspired to violate his constitutional rights.  As argued in defendants' moving papers, the record is devoid of any evidence that the FBI was in any way involved in the decision to place plaintiff on modified duty.  Nor has plaintiff demonstrated that FBI Agent Hosey's decision to question him on July 8, 2004 concerning his contacts with Mr. Nieves-Diaz violated his constitutional rights.[5]

The Second Circuit has held that FBI agents have the right to detain a "suspect" or individual for a short and reasonable period in order to question him.  See United States v. Vita, 294 F.3d 524, 529 (2d Cir. 1961).  Specifically, the Court opined that such questioning "protects those who are readily able to exculpate themselves from being arrested and having formal charges made against them before their explanations are considered."  See id. at 530. Here, plaintiff cannot establish that FBI Agent Hosey or defendants violated his constitutional rights on July 8, 2004.  Plaintiff admits that he was not arrested and that the FBI stopped questioning him after he allegedly requested an attorney and union representation.  See Pl. Tr. 38:17-18, Exhibit "1" to the Avallone Decl.  Plaintiff has presented no evidence that the FBI was involved in any decision concerning plaintiff's discipline or employment after Agent Hosey stopped questioning him the morning of July 8, 2004.  Thus, based upon the testimony and the record in this case, plaintiff cannot demonstrate that his constitutional rights were violated or that defendants and the FBI conspired to violate his constitutional rights.

---

[5] In defendants' moving papers, defendants asserted that plaintiff's Fifth Amendment claim should be dismissed, as plaintiff failed to name the federal government as a party to this action. See Def. Br. at 2, n.1.  As plaintiff fails to even address this argument, defendants' motion on this point should be granted. As to plaintiff's newly asserted Fourth Amendment claim, such claim is improper and must be dismissed.

## POINT III

### DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

Plaintiff asserts, without citation to the record, that defendants "were well aware that plaintiff was considered a subject of interest based on the information they received from their colleagues at the FBI as early as December 2003." See Pl. Opp. Br. at 12. However, plaintiff fails to demonstrate the basis for this conclusory assertion. At his deposition, plaintiff stated that he became aware that he was the subject of an investigation at his departmental hearing. See Pl. Tr. 51:1-4, Exhibit "2" to the Suppl. Walker-Diallo Decl. There is no dispute that at the time he was served with charges and specifications in or around September 2004, he was in fact the subject of an official departmental investigation. Plaintiff provides no evidence, besides his own self-serving declaration, which impermissibly contradicts his own deposition testimony, that he was the subject to a departmental investigation on July 8, 2004 in order to bolster his claim that defendants are not entitled to qualified immunity. [6]   Such an attempt should be denied and summary judgment granted in favor of defendants.

## POINT IV

### PLAINTIFF'S FALSE IMPRISONMENT CLAIM ALSO FAILS.

Plaintiff fails to establish that his employer, the NYPD, confined him or that the defendants intended to confine him. In Arrington v. Liz Clairborne, Inc., 26 A.D.2d. 267 (1st Dep't 1999), the Court held that an employer had not falsely imprisoned an employee when they

---

[6] Plaintiff cannot submit a declaration in opposition to defendants' summary judgment motion that contradicts his deposition testimony. See Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 619 (2d Cir. 1996).

questioned the employee about fraudulent timesheet and the employee believed the door was locked and believed she was not free to leave. Similarly, in <u>Cellamare v. Millbank, Tweed, Hadley & McCloy, LLP</u>, 2003 U.S. Dist. LEXIS 22336, *1, *6 (E.D.N.Y. Dec. 12, 2003), the Court found that plaintiff's allegations that her employer confined her to a small room and interrogated her for hours, was nothing more than a lengthy interview by an employer. Plaintiff has presented no evidence, as the plaintiffs in the above-referenced cases, to support his assertion that in his case, defendants intended to unlawfully confine or detain him.[7]

## CONCLUSION

For the foregoing reasons, and those set forth in Defendants' moving papers, defendant respectfully requests that their motion for summary judgment be granted, that the complaint be dismissed in its entirety, that judgment be granted for Defendants, and that the Court grant Defendants costs, fees, and disbursements, together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              May 27, 2008

                         Respectfully Submitted,

                         **MICHAEL A. CARDOZO**
                         Corporation Counsel of the City of New York
                         Attorney for the Defendants
                         100 Church Street, Room 2-140
                         New York, New York 10007-2601
                         By: _____
                              Carolyn Walker-Diallo, Assistant Corporation Counsel

---

[7] Upon dismissal of plaintiff's federal claims, plaintiff's state claims should be dismissed. Considerations of comity and judicial economy weigh in favor of this Court declining to exercise supplemental jurisdiction over plaintiff's state law claims. <u>See</u> 28 U.S.C. § 1367(c)(3); <u>Castellano v. City of New York</u>, 142 F.3d 58, 74 (2d Cir. 1998), , <u>cert</u>. <u>denied</u>, 525 U.S. 922 (1998) ("In light of the district courts' proper dismissal of the federal claims...those courts did not abuse their discretion in declining to exercise jurisdiction over the state claims.")