UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
LISSANDER DONES,

                                                Plaintiff,        07 CV 3085 (SAS) (GWG)

                     -against-

THE CITY OF NEW YORK, et al.,

                                              Defendants.
------------------------------------------------------------------- x

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## STATEMENT OF CONTESTED MATERIAL FACTS

Pursuant to Local Rule 56.1, Defendants the City of New York, Police Commissioner Raymond Kelly, Captain Thomas Scollan, Sergeant Frank Teran, Sergeant Julius Morton and Lieutenant Ronald Mejia ("Defendants") submit the following response to Plaintiff's Statement of Contested Material Facts Pursuant to Local Rule 56.1 ("Plaintiff's 56.1 Statement") and Plaintiff's 56.1 Statement of Facts ("Plaintiff's Counter Statement").

        1.   Deny the statements set forth in paragraph "1" of Plaintiff's 56.1 Statement.

        2.   To the extent that plaintiff admits paragraph "2," no response from Defendants is required.

        3.   To the extent that plaintiff admits paragraph "3," no response from Defendants is required.

        4.   To the extent that plaintiff admits paragraph "4," no response from Defendants is required. As to the disputed portions of paragraph "4," Defendants deny the materiality of the allegations therein and for purposes of the motion except it is true.

5. To the extent that plaintiff admits paragraph "5," no response from Defendants is required.

6. To the extent that plaintiff admits paragraph "6," no response from Defendants is required. As to the disputed portions of paragraph "6," Defendants deny the materiality of the allegations therein and for purposes of the motion except it is true.

7. To the extent that plaintiff admits paragraph "7," no response from Defendants is required. As to the disputed portions of paragraph "7," Defendants deny the materiality of the allegations therein and for purposes of the motion except it is true.

8. As plaintiff neither denies or admits the allegations in Paragraph "11" of Defendants' 56.1 Statement, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Declaration of Francis X. Teran ("Teran Decl."), ¶¶ 3, 7, dated April 15, 2008.

9. To the extent that plaintiff admits paragraph "9," no response from Defendants is required.

10. To the extent that plaintiff admits paragraph "10," no response from Defendants is required.

11. As plaintiff neither denies or admits the allegations in Paragraph "11" of Defendants' 56.1 Statement, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Teran Decl., ¶ 5.

12. As plaintiff neither denies or admits the allegations in Paragraph "12" of Defendants' 56.1 Statement, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Teran Decl., ¶ 5.

13. As plaintiff neither denies or admits the allegations in Paragraph "13" of

Defendants' 56.1 Statement, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Teran Decl., ¶ 5.

14. To the extent that plaintiff admits the first sentence of paragraph "14," no response from Defendants is required. As to the second sentence of paragraph "14," Defendants deny the materiality of the allegations set forth therein.

15. Defendants deny the allegations set forth in paragraph "15" of Plaintiff's 56.1 Statement and reaffirm that defendants have evidence that plaintiff's unique computer identifier was used to access computer logs relating to the drug trafficking investigation. See Teran Declaration, dated April 15, 2008; See Computer Log Records, Exhibit "13" to the Supplemental Declaration of Carolyn Walker-Diallo, dated May 27, 2008 ("Suppl. Walker-Diallo Decl.").

16. As plaintiff neither denies or admits the allegations in Paragraph "16" of Defendants' 56.1 Statement, no response is required. To the extent a response is required, Defendants respectfully refer the Court to Exhibits "5," "6," "9," and "10," to the Declaration of Carolyn Walker-Diallo, dated April 15, 2008 ("Walker-Diallo Decl.").

17. As plaintiff neither denies or admits the allegations in Paragraph "17" of Defendants' 56.1 Statement, no response is required. To the extent a response is required, Defendants respectfully refer the Court to Exhibit "4" "to the Walker-Diallo Decl. and the Teran Decl.

18. To the extent that plaintiff admits portions of paragraph "18," no no response is required. As to the remaining portions of paragraph "18," Defendants deny the materiality of the allegations therein.

19. As plaintiff neither denies or admits the allegations in Paragraph "19" of

Defendants' 56.1 Statement, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the Teran Decl.

20. To the extent that plaintiff admits paragraph "20," no response from Defendants is required.

21. To the extent that plaintiff admits paragraph "21," no response from Defendants is required.

22. To the extent that plaintiff admits paragraph "22," no response from Defendants is required. As to the disputed portions of paragraph "22," Defendants deny the materiality of the assertions contained therein.

23. To the extent that plaintiff admits paragraph "23," no response from Defendants is required. As to the disputed portions of paragraph "23," Defendants deny the allegations therein and respectfully refer the Court to Pl. Tr. 39:1-4, Exhibit "2" to the Walker-Diallo Decl.

24. To the extent that plaintiff admits paragraph "24," no response from Defendants is required. As to the disputed portions of paragraph "24," Defendants deny the allegations therein and respectfully refer the Court to Pl. Tr. 39:1-4, Exhibit "2" to the Walker-Diallo Decl.

25. To the extent that plaintiff admits paragraph "25," no response from Defendants is required. As to the disputed portions of paragraph "25," Defendants respectfully refer the Court to Pl. Tr. 29:1-14, Exhibit "2" to the Walker-Diallo Decl.

26. To the extent that plaintiff admits portions of paragraph "26," no

response from Defendants is required. As to the disputed portions of paragraph "26," Defendants deny the assertions therein and respectfully refer the Court to the Teran Decl. and Exhibit "14" to the Suppl. Walker-Diallo Decl.

27. Defendants deny the allegations set forth in paragraph "27"of Plaintiff's Counter 56.1 Statement and respectfully refer the Court to Plaintiff's deposition testimony cited therein for a complete and accurate statement of their contents. See Pl. Tr. 43:6-7; 46:20-47:9, Exhibit "2" to the Walker-Diallo Decl.

28. To the extent that plaintiff admits paragraph "28," no response from Defendants is required.

29. As plaintiff neither denies or admits the allegations in Paragraph "29" of Defendants' 56.1 Statement, no response is required. To the extent a response is required, Defendants respectfully refer the Court to Pl. Tr. 68:11-12, Exhibit "2" to the Walker-Diallo Decl.

30. Deny the materiality of the allegations set forth therein and for purposes of this motion except as true.

31. As plaintiff neither denies or admits the allegations in Paragraph "31" of Defendants' 56.1 Statement, no response is required.

32. To the extent that plaintiff admits portions of paragraph "32," no response from Defendants is required. As to the disputed portions of paragraph "32," Defendants deny the assertions therein, except admit that plaintiff makes these uncorroborated assertions in opposition to Defendants' Motion for Summary Judgment and respectfully refer the Court to deposition testimony cited therein for a complete and accurate statement of their contents. See Pl. Tr. 49:1-10, Exhibit "2" to the Walker-Diallo Decl.

33. As plaintiff neither denies or admits the allegations in Paragraph "33" of Defendants' 56.1 Statement, no response is required.

34. To the extent that plaintiff admits paragraph "34" no response from Defendants is required.

35. To the extent that plaintiff admits paragraph "35" no response from Defendants is required.

36. To the extent that plaintiff admits portions of paragraph "36," no response from Defendants is required. As to the portions of paragraph "36" where plaintiff deny knowledge or information, no response is required.

37. To the extent that plaintiff admits paragraph "37" no response from Defendants is required.

38. To the extent that plaintiff admits paragraph "38" no response from Defendants is required.

39. To the extent that plaintiff admits paragraph "39" no response from Defendants is required.

40. To the extent that plaintiff admits paragraph "40" no response from Defendants is required.

41. Deny the allegations set forth in paragraph "41" of Plaintiff's 56.1 Statement.

42. To the extent that plaintiff admits portions of paragraph "42" no response from Defendants is required. As to the disputed portions of paragraph "42," Defendants deny the materiality of the asserts therein and respectfully refer the Court to Plaintiff's deposition

testimony in this instant matter.  See Pl. Tr. 43:6-7, 46:20-47:9, Exhibit "2" to the Walker-Diallo Decl.

43. To the extent that plaintiff admits paragraph "43" no response from Defendants is required.

44. To the extent that plaintiff admits paragraph "44" no response from Defendants is required.  As to the disputed portions of paragraph "44," Defendants deny the assertions therein, except admit that plaintiff makes these uncorroborated assertions in opposition to Defendants' Motion for Summary Judgment and respectfully refer the Court to exhibits and deposition testimony cited therein for a complete and accurate statement of their contents.  See Pl. Tr. at 49:1-10, Exhibit "2" to the Walker-Diallo Decl.

45. As to the disputed portions of paragraph "45," Defendants deny the assertions therein, except admit that plaintiff makes these uncorroborated assertions in opposition to Defendants' Motion for Summary Judgment.

46. To the extent that plaintiff admits paragraph "46" no response from Defendants is required. As to the remaining portions of paragraph "46" Defendants deny the materiality of the allegations therein.

47. To the extent that plaintiff admits paragraph "47" no response from Defendants is required.  As to the remaining portions of paragraph "47" Defendants deny the materiality of the allegations therein.

48. Defendants deny the allegations set forth in paragraph "48," and respectfully refer the Court to Plaintiff's deposition transcript for a complete and accurate statement of its content.  See Pl. Tr. at 50:4-8, Exhibit "2" to the Walker-Diallo Decl.

## Defendants' Response to Plaintiff's Amended Counter Statement of Facts

49. Deny knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's race as set forth in paragraph "49" of Plaintiff's Counter Statement, except admit that plaintiff self-identifies as Hispanic.

50. Deny the materiality of the allegations set forth in paragraph "50" of Plaintiff's Counter Statement.

51. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "51" of Plaintiff's Counter Statement, and for purposes of the motion except as true.

52. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "52" of Plaintiff's Counter Statement.

53. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "49" of Plaintiff's Counter Statement, except admit that Julio Vasquez was arrested on or about November 27, 2003, and that defendants have documentation demonstrating that plaintiff's unique computer code was used to access information concerning the drug trafficking investigation. See Exhibit "13" to the Suppl. Walker-Diallo Decl.

54. Deny the allegations set forth in paragraph "54" of Plaintiff's Counter Statement, except admit that defendants Teran, Scollan, Mejia and Morton arrived at plaintiff's residence when FBI Agent Hosey spoke with plaintiff concerning his contacts with Det. Nieves-Diaz and whether or not he had accessed computer files concerning the investigation, and respectfully refer the Court to paragraph "22" of Defendants' 56.1 Statement.

55. Deny the allegations set forth in paragraph "55" of Plaintiff's Counter Statement, and respectfully refer the Court to paragraph "54" of plaintiff's Counter Statement and paragraph "22" of Defendants' 56.1 Statement.

56. Deny the materiality of the allegations set forth in the first sentence of paragraph "56" of Plaintiff's Counter Statement, and accept the entire paragraph as true for purposes of the motion.

57. Accept the allegations set forth in paragraph "57" of Plaintiff's Counter Statement as true for purposes of the motion.

58. Accept the allegations set forth in paragraph "58" of Plaintiff's Counter Statement as true for purposes of the motion.

59. Accept the allegations set forth in paragraph "59" of Plaintiff's Counter Statement as true for purposes of the motion.

60. Deny the allegations set forth in paragraph "60" of Plaintiff's Counter Statement, and respectfully refer the Court to the Teran Decl. ¶ 23.

61. Deny the materiality of the allegations set forth in the first paragraph of paragraph "61" of Plaintiff's Counter Statement. As to the disputed portions of paragraph "61," Defendants respectfully refer the Court to paragraph "28" of plaintiff's 56.1 Statement.

62. Deny the allegations set forth in paragraph "62" of Plaintiff's Counter Statement. As to the disputed portions of paragraph "62," Defendants respectfully refer the Court to paragraph "25" of plaintiff's 56.1 Statement.

63. Deny the allegations set forth in paragraph "63" of Plaintiff's Counter Statement. As to the disputed portions of paragraph "63," Defendants respectfully refer the Court to paragraph "30" of plaintiff's 56.1 Statement.

64. Deny the allegations set forth in paragraph "64" of Plaintiff's Counter Statement. As to the disputed portions of paragraph "64," Defendants respectfully refer the Court to paragraph "30" of plaintiff's 56.1 Statement.

65. Deny the allegations set forth in paragraph "65" of Plaintiff's Counter Statement and respectfully refer the Court to Pl. Tr. 50:1-8, Exhibit "2" to the Walker-Diallo Decl.

66. Deny the allegations set forth in paragraph "66" of Plaintiff's Counter Statement, and respectfully refer the Court to paragraph "32" of Defendants' 56.1 Statement.

67. Deny the allegations set forth in paragraph "67" of Plaintiff's Counter Statement, except admit that Deputy Inspector Scollan informed him that the decision had been made to place him on modified duty, and respectfully refer the Court to the document cited for a complete and accurate statement of its contents.

68. Deny the allegations set forth in paragraph "68" of Plaintiff's Counter Statement, and respectfully refer the Court to Pl. Tr. 49:10-18, Exhibit "2" to the Walker-Diallo Decl.

69. Deny the allegations set forth in paragraph "69" of Plaintiff's Counter Statement, except admit that the decision to place Plaintiff on modified duty was made at on July 8, 2004, and respectfully refer the Court to paragraph "30" of Defendants' 56.1 Statement.

70. Accept the allegations in paragraph "70" of Plaintiff's Counter Statement as true for purposes of the motion.

71. Deny the allegations set forth in paragraph "71" of Plaintiff's Counter Statement, and respectfully refer the Court to Exhibit "D" to the Declaration of Patrick Sullivan, dated April 15, 2008 and Exhibit "14" to the Suppl. Walker-Diallo Decl.

72. Deny the materiality of the allegations set forth in paragraph "72" of Plaintiff's Counter Statement for purposes of the motion except it as true.

73. Deny the allegations set forth in paragraph "73" of Plaintiff's Counter Statement, except admit plaintiff was on modified duty from July 8, 2004 to August 2006, and respectfully refer the Court to the document cited for a complete and accurate recitation of its content.

74. Deny the materiality of the allegations set forth in paragraph "74" of Plaintiff's Counter Statement, and for purposes of the motion except it as true.

75. Admit the allegations set forth in paragraph "75" of Plaintiff's Counter Statement.

76. Admit the allegations set forth in paragraph "76" of Plaintiff's Counter Statement.

77. Deny the allegation set forth in paragraph "77" of Plaintiff's Counter Statement, and respectfully refer the Court to the documents cited for a complete and accurate statement of their contents.

78. Deny the allegations set forth in paragraph "78" of Plaintiff's Counter Statement, except admit that pursuant to New York City Police Department's Patrol Guide, plaintiff was afforded a Departmental Trial concerning the charges and specifications, and respectfully refer the Court to Exhibit "D" to the Sullivan Decl.

79. Deny the allegations set forth in paragraph "79" of Plaintiff's Counter Statement, and respectfully refer the Court to the documents cited for a complete and accurate statement of their contents.

80. Deny the allegations set forth in paragraph "80" of Plaintiff's Counter Statement, and respectfully refer the Court to Exhibit "14" to the Suppl. Walker-Diallo Decl.

81. Deny the allegations set forth in paragraph "81" of Plaintiff's Counter Statement, and respectfully refer the Court to the documents cited for a complete and accurate statement of their contents.

82. Deny the allegations set forth in paragraph "82" of Plaintiff's Counter Statement and respectfully refer the Court to the documents cited for a complete and accurate statement of their contents.

83. Deny the allegations set forth in paragraph "83" of Plaintiff's Counter Statement and respectfully refer the Court to the document cited for a complete and accurate statement of its contents.

84. Deny the allegations set forth in paragraph "84" of Plaintiff's Counter Statement and respectfully refer the Court to the documents cited for a complete and accurate statement of their contents.

85. Deny the allegations set forth in paragraph "85" of Plaintiff's Counter Statement and respectfully refer the Court to the document cited for a complete and accurate statement of its content.

86. Deny the allegations set forth in paragraph "86" of Plaintiff's Counter Statement and respectfully refer the Court to the documents cited for a complete and accurate recitation of its contents.

87. Deny the allegations set forth in paragraph "87" of Plaintiff's Counter Statement, and respectfully refer the Court to the case cited therein.

88. Deny the allegations set forth in paragraph "88" of Plaintiff's Counter Statement, and respectfully refer the Court to the Teran Decl. ¶¶ 14-18, Exhibits "13" and "14" to the Suppl. Walker-Diallo Decl.

Dated:      New York, New York
            May 27, 2008

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                            City of New York
                          Attorney for Defendants
                          100 Church Street, Room 2-140
                          New York, New York 10007
                          Telephone: (212) 788-0868
                          Email: cwalker@law.nyc.gov

By: _____
     Carolyn Walker-Diallo
     Assistant Corporation Counsel